IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JEFF BOARDMAN, et al.,

    Plaintiffs,

v.

PACIFIC SEAFOOD GROUP,
et al.,

    Defendants.

No. 1:15-108-CL

**ORDER**

**PANNER, District Judge:**

    Plaintiffs, who are commercial fishermen, bring this antitrust action for injunctive relief against the Pacific Seafood Group and other businesses owned in full or part by defendant Frank Dulcich. Plaintiffs now move for a preliminary injunction prohibiting the Pacific Seafood Group defendants (Pacific Seafood) from acquiring a controlling ownership interest in another seafood processor, Ocean Gold Seafoods and its affiliates (collectively

1 - ORDER

Ocean Gold). I grant Plaintiffs' motion for a preliminary injunction.

At the hearing, I said that this action would be reassigned to another judge in this district for trial. But because Plaintiffs seek equitable relief only, I will continue to preside over this action, including a court trial if necessary. I set a court trial in Medford to start July 21, 2015, at 9:00 a.m., with the first pretrial conference June 30, 2015, at 10:00 a.m. I will issue a trial management order on required documents and procedures.

## BACKGROUND

This action is related to the Whaley antitrust action that settled in 2012. Whaley v. Pacific Seafood Group, No. 1:10-cv-3057-PA (D. Or.), ECF No. 426-1 (settlement agreement). The Whaley settlement agreement allows Pacific Seafood to continue working with Ocean Gold under a ten-year joint marketing agreement, but also requires that Pacific Seafood not renew the cooperation agreement when it expires in February 2016.[1]

In fall 2010, during the Whaley litigation, Pacific Seafood was in negotiations to acquire Ocean Gold. When the Whaley plaintiffs moved for a temporary restraining order to halt the proposed acquisition, Pacific Seafood mooted the plaintiffs'

---

[1] The Whaley settlement agreement allows Pacific Seafood to propose a new agreement with Ocean Gold, subject to objections from the plaintiffs' counsel and the Oregon Department of Justice. If there are objections, the settlement judge would then determine whether to approve the proposed new agreement. Whaley, ECF No. 426-1 ¶ 3(a).

2 - ORDER

concerns by cancelling the transaction.

During 2014, Pacific Seafood was again in negotiations to acquire Ocean Gold. In December 2014, Pacific Seafood notified Plaintiffs and the Oregon Attorney General (AG) about its proposed acquisition of Ocean Gold.

In January 2015, Plaintiffs filed this action. On January 23, 2015, I granted Plaintiffs' motion for a temporary restraining order preventing Pacific Seafood from acquiring control of Ocean Gold. ECF No. 11. That order remains in effect by stipulation.

In seeking injunctive relief, Plaintiffs allege that if Pacific Seafood does acquire control of Ocean Gold, the combined seafood processor would exercise illegal monopoly power over the buyers' market for trawl-caught groundfish, Pacific whiting, and Pacific coldwater shrimp in markets along the West Coast from Fort Bragg, California to the Canadian border. Plaintiffs allege the combined market shares for Pacific Seafood and Ocean Gold would be about 70% for Pacific shrimp, 65% for whiting, and 50% for trawl-caught groundfish. Plaintiffs also allege that a merger would allow Pacific Seafood control over Ocean Gold's large, modern facilities for freezing and storage, and for producing fishmeal.

**LEGAL STANDARDS FOR PRELIMINARY INJUNCTIONS**

A party seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Natural Resources Defense</u>

3 - ORDER

Council, Inc., 555 U.S. 7, 20 (2008). The plaintiff "must establish that irreparable harm is likely, not just possible." Alliance For The Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). Alternately, the court may apply the sliding scale test, under which the party seeking an injunction must show greater irreparable harm as the probability of success on the merits decreases. Id. at 1134-35.

## DISCUSSION

### I. Likelihood of Success on the Merits

#### A. This Dispute Is Not Moot

The parties dispute whether Plaintiffs' claim for injunctive relief has been mooted by Defendants' cancellation of the planned acquisition of Ocean Gold. To support their mootness argument, Defendants submit the following stipulation:

> The Oregon Attorney General has commenced an investigation and has requested that Pacific Seafood and its entities not close any purchase transaction with respect to Ocean Good or Ocean Protein while the investigation is pending.
> Upon acceptance by the Attorney General or this Court, defendants stipulate that neither they, no any other Pacific-entity, will enter into any purchase transaction with respect to Ocean Gold Seafoods, Inc., Ocean Protein, LLC, or Hoquiam Riverview Properties, LLC while the Attorney General's investigation is pending. Defendants may terminate this stipulation upon 60-days' prior notice to the Oregon Attorney General and the Court.

Defs. Stipulation at 2-3, ECF No. 40.

#### 1. Legal Standards

An action is moot if "the dispute between the parties no longer exists, or the parties lack a legally recognizable interest in the outcome of the litigation." Am. Humanist Ass'n v. United

4 - ORDER

States, No. 3:14-cv-565-HA, 2014 WL 5500495, at *4 (D. Or. 2014) (citing Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1086-87 (9th Cir. 2011)). Generally, "'a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice.'" Id. (quoting Friends of the Earth, Inc. v. Laidlaw Envt'l Servs., 528 U.S. 167, 180 (2000) (further citation omitted)). "Accordingly, the voluntary cessation of a challenged conduct moots a claim only if 'subsequent events [make] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" Id. (quoting Friends of the Earth, 528 U.S. at 180) (further citation omitted)). The party asserting mootness "has a heavy burden to meet." Id.

### 2. Discussion

Pacific Seafood has not shown that this action is moot. I agree with the AG's amicus brief that Pacific Seafood's stipulation "does not negate the parties' conduct that occurred since the conclusion of the prior litigation. More importantly, the economic environment and the parties' motivations to merge or integrate remain unchanged." Amicus Br. at 9. The AG states that Ocean Gold's current owners appeared motivated to sell and were not optimistic about finding another viable purchaser. (Defendants own about a one-third interest in Ocean Gold.)

A preliminary injunction will preserve the status quo while this court determines whether the proposed acquisition of Ocean Gold would be anticompetitive.

5 - ORDER

### B.  Plaintiffs Adequately Allege Antitrust Injury

Defendants contend Plaintiffs have not alleged an antitrust injury because Plaintiffs do not sell fish or shrimp to Pacific Seafood or Ocean Gold.  Defendants argue that not only do Plaintiffs not sell to Pacific Seafood or Ocean Gold, Plaintiffs are not even operate in the same seafood markets.

A similar issue arose during the Whaley litigation.  There, in certifying a class, I certified a class even though none of the plaintiffs were selling to the defendants.  In the order, I noted:

> Although plaintiffs do not currently sell to defendants, plaintiffs contend they are suffering antitrust damages because other seafood processors follow defendants' lead on prices.  Plaintiffs thus rely on the so-called umbrella theory of antitrust damages. "[T]he plaintiff pursuing this theory contends that defendants' successful price-fixing conspiracy created a 'price umbrella' under which non-conspiring competitors of defendants raise their prices to a level at or near the fixed price set by the conspiring defendants." Sun Microsystems Inc. v. Hynix Semiconductor Inc., 608 F. Supp. 2d 1166, 1205 (N.D. Cal. 2009) (citing In re Petroleum Prods. Antitrust Litig., 691 F.2d 1335, 1341 (9th Cir. 1982)).

Whaley, ECF No. 392, at 8-9.  Similarly, for purposes of ruling on this motion, I assume the umbrella theory of antitrust injury is viable.  As I noted in Whaley, Professor Areeda's treatise accepts the umbrella theory despite difficulties in proving causation and damages.  See IIA Phillip E. Areeda, Herbert Hovenkamp, Roger D. Blair & Christine Piette Durrance, Antitrust Law ¶ 347, at 198, 200 (3d ed. 2007).

### C.  Reduced Competition

Plaintiffs have shown a reasonable probability that Pacific Seafood's proposed acquisition of Ocean Gold would substantially

6 - ORDER

lessen competition in the buyers' markets for whiting and shrimp. A viable claim under section 7 of the Clayton Act, 15 U.S.C. § 18, "'does not require proof that a merger or other acquisition has caused higher prices in the affected market. All that is necessary is that the merger create an appreciable danger of such consequences in the future.'" <u>Saint Alphonsus Med. Ctr.-Nampa Inc. v. St. Luke's Health Sys., Ltd.</u>, ___ F.3d ___, 2015 WL 525540, at *7 (9th Cir. 2015) (quoting <u>Hosp. Corp. of Am. v. FTC</u>, 807 F.2d 1381, 1389 (7th Cir. 1986)). Under this standard, Plaintiffs have sufficiently shown a likelihood of success on the merits.

## II. Irreparable Harm

Plaintiffs have adequately shown irreparable harm. The "lessening of competition . . . is precisely the kind of irreparable injury that injunctive relief under section 16 of the Clayton Act was intended to prevent." <u>California v. Am. Stores Co.</u>, 872 F.2d 837, 844 (9th Cir. 1989), <u>rev'd on other grounds</u>, 495 U.S. 271 (1990).

## III. Balance of Hardships

The balance of hardships favors Plaintiffs. If Plaintiffs' allegations are correct, Pacific Seafood's acquisition of Ocean Gold would create a buyers' monopoly (a monopsony) in three markets for seafood on the West Coast. On the other hand, Defendants have stipulated that they will not proceed with the acquisition of Ocean Gold, so a preliminary injunction does not alter their position.

7 - ORDER

## IV. Public Interest

The public interest favors Plaintiffs. The AG states that "the proposed merger is presumptively unlawful given the degree of market concentration." Amicus Br. at 8. Maintaining competition is in the public interest.

I conclude that Plaintiffs are entitled to a preliminary injunction prohibiting Pacific Seafood from acquiring control of Ocean Gold. I note that the decision to grant or deny preliminary injunctive relief is not a ruling on the merits of a claim. See Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984).

## V. Defendants' Motion to Strike Portions of Radtke Declaration

I deny Defendants' motion to strike statements from the declaration of Plaintiffs' economic expert Hans Radtke. Experts have latitude in presenting their opinions. In any event, striking these statements would not affect my ruling on the preliminary injunction.

### CONCLUSION

Plaintiffs' Motion for Preliminary Injunction (#21) is granted. Defendants' Motion to Dismiss (#13) and Motion to Strike (#41) are denied.

Defendants, their subsidiaries, affiliates, owners, officers, employees, and agents and all persons acting on their behalf are prohibited, through contractual or any other means, from undertaking any further act to acquire or control any interest in the stock, capital assets, real property, quota, or fishing

permits of Ocean Gold Seafoods, Inc. or its affiliated companies including but not limited to Ocean Gold International, Inc.; Ocean Protein, LLC; Ocean Cold, LLC; Ocean Cold Transport, LLC, and Hoquiam Riverview Properties, LLC, or their shareholders or members until further order of this Court.

IT IS SO ORDERED.

DATED this __6__ day of March, 2015.

*[signature]*

OWEN M. PANNER
U.S. DISTRICT JUDGE

9 - ORDER