IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEFORD DIVISION

JEFF BOARDMAN, et al.,

    Plaintiffs,

v.

PACIFIC SEAFOOD GROUP, et al.,

    Defendants.

No. 1:15-cv-108-MC

ORDER

MCSHANE, Judge:

In this antitrust action, commercial fishermen seek to prevent the proposed merger of two West Coast seafood processors, Pacific Seafood Group (Pacific Seafood) and Ocean Gold Seafoods (Ocean Gold). Plaintiffs claim that if Pacific Seafood is allowed to acquire Ocean Gold, Pacific Seafood would gain illegal monopsony power[1] in the West Coast markets for "ex-

---

[1] "Monopsony power" is the result of a "buyer's monopoly," when a buyer, or a cartel of buyers, has enough market power to pay suppliers less than it would pay in a truly competitive market. *See Weyerhaeuser Co. v. Ross-Simmons Hardwood Lumber Co.*, 549 U.S. 312, 320 (2007).

1 - ORDER

vessel" Pacific whiting, trawl-caught groundfish, and coldwater shrimp. To preserve the status quo, this court has preliminarily enjoined the proposed merger. ECF No. 55, *appeal pending*, 9th Cir. No. 15–35257.

Pacific Seafood now moves to compel arbitration, arguing that the parties' settlement agreement in a prior antitrust action requires arbitration of Plaintiffs' claims here. *See Whaley v. Pacific Seafood*, 1:10-cv-3057-PA (*Whaley*), ECF No. 426-1 (Resolution Agreement). Because the mediation provision of the prior settlement agreement does not apply to the proposed merger, I deny Pacific Seafood's motion to compel arbitration.

## BACKGROUND

### I. The Resolution Agreement

In *Whaley*, commercial fishermen, including Plaintiffs here, claimed Pacific Seafood had acquired monopsony power through anticompetitive tactics. In November 2010, a few months after *Whaley* was filed, the plaintiffs learned that Pacific Seafood was planning to acquire Ocean Gold. The plaintiffs sought a temporary restraining order (TRO) to prevent the merger. Pacific Seafood responded by cancelling the proposed acquisition, mooting the plaintiffs' request for a TRO.

After weeks of mediation with Judge Michael R. Hogan, the parties in *Whaley* settled. In May 2012, this court entered judgment incorporating the parties' "Resolution Agreement." The Resolution Agreement gives this court ancillary jurisdiction to resolve post-judgment disputes between the parties about the Resolution Agreement:

> The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the resolution

2 - ORDER

embodied in this Agreement and all orders and judgments entered in connection therewith.

Defs.' Mot. to Compel Arbitration, Ex. A ¶ 24, ECF No. 71-1 (Resolution Agreement).

## II. Pacific Seafood's Proposed Acquisition of Ocean Gold

For several months during 2014, Pacific Seafood and Ocean Gold negotiated the terms of the merger. In December 2014, Pacific Seafood notified Plaintiffs' counsel that Pacific Seafood planned to acquire Ocean Gold.

On January 21, 2015, Plaintiffs' attorney told Pacific Seafood that Plaintiffs objected to the proposed merger. The next day, Plaintiffs filed this action and moved for a TRO. This court granted a TRO, and later issued a preliminary injunction prohibiting the proposed merger. ECF. Nos. 11, 55.

## DISCUSSION

Pacific Seafood contends that the Federal Arbitration Act (FAA) applies. *See* 9 U.S.C. § 2. When determining whether the FAA applies to a dispute, the court is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.* 207 F.3d 1126, 1130 (9th Cir. 2000).

Contract law determines whether the parties have an agreement to arbitrate. Arbitration "is a way to resolve those disputes-but only those disputes-that the parties have agreed to submit to arbitration." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995). Resolving Pacific Seafood's motion to compel arbitration depends on interpreting paragraph 3(a) of the Resolution Agreement.

Paragraph 3(a) allows Pacific Seafood to continue operating under its ongoing ten-year "marketing cooperation agreement" with Ocean Gold, but provides that the agreement will not be renewed when it expires in February 2016. Under the cooperation agreement, Pacific Seafood sells almost all of the seafood processed by Ocean Gold.

Here is the full text of Paragraph 3(a):

> The February 9, 2006 Agreement between Pacific Seafood Group and Ocean Gold Seafoods, will not be renewed in 2016. In the event that the Pacific Seafood and Ocean Gold intend to enter into any new agreement that requires Pacific Seafood Group to act as the exclusive marketer of any seafood product produced by Ocean Gold Seafoods, Pacific Seafood and Ocean Gold shall first give 60 days' notice to class counsel and the Oregon Department of Justice and an opportunity to object to the agreement. In the event of an objection to the new contractual arrangement, Judge Hogan shall determine whether the proposed new agreement is pro-competitive and if so, it may be approved.

Paragraph 3(a) requires that any proposed new marketing agreements between Pacific Seafood and Ocean Gold be submitted to the designated settlement judge if there are objections. Pacific Seafood argues that paragraph 3(a) also applies to the proposed merger because if Pacific Seafood acquires Ocean Gold, it will effectively become the exclusive marketer of Ocean Gold's products. But I agree with Plaintiffs that a merger is categorically different from an exclusive marketing agreement. If the parties in *Whaley* had intended to refer proposed mergers to mediation, the Resolution Agreement could have specifically mentioned the issue. The parties to the agreement were aware that Pacific Seafood had attempted in 2010 to acquire Ocean Gold.

Pacific Seafood cites the reference in the last sentence of paragraph 3(a) to "the new contractual arrangement," and argues that the proposed merger is a "new contractual arrangement." But in context, the phrase "the new contractual agreement" refers to the exclusive marketing agreement described in the prior sentence, not just any possible

4 - ORDER

agreement between Pacific Seafood and Ocean Gold. I conclude that Pacific Seafood has failed to show that the Resolution Agreement applies to the proposed merger. Because there was no agreement to mediate this particular dispute, I deny the motion to compel arbitration.

In light of my ruling for Plaintiffs on the merits of this motion, I need not address Plaintiffs' arguments on the law of the case doctrine or judicial estoppel. In any event, as I noted during the motion hearing, these arguments are not persuasive.

## CONCLUSION

Defendants' Motion to Compel Arbitration (#71) is denied.

IT IS SO ORDERED.

DATED this __8__ day of June, 2015.

Michael J. McShane
United States District Judge