John W. Stephens, OSB No. 773583
stephens@eslerstephens.com
Michael J. Esler, OSB No. 710560
esler@eslerstephens.com
Kim T. Buckley, OSB No. 781589
buckley@eslerstephens.com
**ESLER, STEPHENS & BUCKLEY LLP**
121 SW Morrison Street, Suite 700
Portland, OR 97204-2012
Telephone: (503) 223-1510
Facsimile: (503) 294-3995

Randolph C. Foster, OSB No. 784340
randy.foster@stoel.com
Timothy W. Snider, OSB No. 034577
timothy.snider@stoel.com
Rachel C. Lee, OSB No. 102944
rachel.lee@stoel.com
**STOEL RIVES LLP**
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

Attorneys for All Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JEFF BOARDMAN, et al., | Case No.: 1:15-cv-00108-MC |
| Plaintiffs, | **DEFENDANTS' MOTION TO COMPEL** |
| v. | *Expedited Hearing and Oral Argument Requested* |
| PACIFIC SEAFOOD GROUP, et al., | |
| Defendants. | |

DEFENDANTS' MOTION TO COMPEL

## LR 7-1(a) CERTIFICATIONS

Pursuant to Fed. R. Civ. 37(a)(1) and Local Rule 7-1(a), Defendants ("Defendants" or "Pacific Seafood") certify that the parties conferred by telephone on April 26, 2017 in a good faith effort to resolve the dispute, but were unable to do so.  Defendants were informed by Plaintiffs' counsel that Plaintiffs take no position on the request for expedited hearing.

## MOTION

Defendants respectfully move pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iv) to compel Plaintiffs to promptly produce documents responsive to Defendants' First Request for Production of Documents ("Discovery Requests") or aver that no responsive documents exist.  Pursuant to Fed. R. Civ. P. 37(a)(5)(A), Defendants also request an award of their reasonable expenses incurred in making this motion.  This motion is supported by the Declaration of Timothy W. Snider in Support of Defendants' Motion to Compel ("Snider Decl.") and the exhibits thereto, and by Plaintiffs' Response to the Discovery Requests, attached as Appendix A to this motion.

## MEMORANDUM

In this case, Plaintiffs contend that Pacific Seafood has monopoly power in various seafood markets and that its terminated acquisition of Ocean Gold Seafoods would have further consolidated these markets to the detriment of fishermen in violation of federal antitrust laws. Pacific Seafood contends, among other things, that Plaintiffs' narrow market definition does not reflect the economic realities, that the terminated transaction would not have harmed competition or Plaintiffs, and that Plaintiffs have no antitrust standing or injury to challenge the terminated acquisition.

Defendants served Discovery Requests on Plaintiffs *nearly two years ago*, on July 23, 2015.  (Snider Decl., ¶ 2, Ex. 1.)  The Discovery Requests seek documents from Plaintiffs

Page 1     -     DEFENDANTS' MOTION TO COMPEL

relating to their participation in various seafood markets and to Plaintiffs' allegations concerning Pacific Seafood's alleged market power and monopolistic practices.  Since July 2015, Plaintiffs have not produced one single document.  Indeed, Plaintiffs did not even respond to the Discovery Requests until April 21, 2017, with no reasonable excuse for the failure.  (*Id.*, ¶ 7.) Equally troubling, Plaintiffs' response is littered with blanket objections to discovery that relates directly to central issues in this case.  Pacific Seafood seeks the Court's assistance to compel Plaintiffs to immediately produce all non-privileged responsive documents.  Such documents are needed on an expedited basis for Pacific Seafood to prepare for depositions of Plaintiffs and third-party witnesses and to prepare expert reports under the current case schedule.

## I.  FACTUAL BACKGROUND

Defendants served their Discovery Requests on Plaintiffs on July 23, 2015.  (Snider Decl., ¶ 2, Ex. 1.)  Fourteen days later, on August 6, 2015, this Court stayed this case during the pendency of the appeal.  (Order (Dkt. No. 103).)  On July 25, 2016, the Ninth Circuit mandate issued, thereby lifting the stay.  (Mandate (Dkt. No. 110).)  Accordingly, Plaintiffs' responses and any objections to the Discovery Requests were due sixteen days later, on August 10, 2016. *See* Fed. R. Civ. P. 34(b)(2)(A) (30 days or other period stipulated by the parties or ordered by the court).  The parties never stipulated to any different due date for the responses, nor has the Court ordered one.  (Snider Decl., ¶ 3.)

Plaintiffs made no written response to the Discovery Requests within the time required by Rule 34(b)(2)(A)—by August 10, 2016—and did not produce any responsive documents. (Snider Decl., ¶ 3.)  When no response was provided, Pacific Seafood's counsel promptly

/ / /

/ / /

Page 2    -    DEFENDANTS' MOTION TO COMPEL

informed Plaintiffs' counsel on August 12, 2016 that Plaintiffs had failed to respond to the

Discovery Requests:

> [T]here are some outstanding requests to your client that have not yet received a response or any production.  Please let me know when we will receive a response to the requests and when we will receive responsive documents.

(*Id.*, Ex. 2 at 2 (emphasis added).)

Eight months later, Plaintiffs still had not made any response to the Discovery Requests or produced any documents.  (Snider Decl., ¶ 5.)  On April 7, 2017, Pacific Seafood's counsel again noted Plaintiffs' failure to respond and demanded a full production of responsive documents.  (*Id.*, Ex. 3.)

On April 21, 2017, more than eight months after their responses were due, Plaintiffs served responses to the Discovery Requests, which consisted mostly of blanket objections to each category of documents requested.  App. A.  Plaintiffs' counsel blamed poor calendaring at his firm for the 8-month delay, apparently not recalling that after the stay lifted Defendants informed Plaintiffs' counsel in writing in August 2016 that Plaintiffs had failed to respond. (Snider Decl., ¶ 8, Ex. 4; *see also id.*, Ex. 2 at 2).

Plaintiffs' objections to the Discovery Requests are waived by their failure to timely object.  In addition, even if they were not already waived, the objections are baseless.  And for those few categories where Plaintiffs agreed to produce documents, Plaintiffs have not produced a single responsive document.  (*Id.*, ¶ 9.)  The parties conferred on April 26, 2017, but Plaintiffs refuse to withdraw their objections or to make an immediate and full production of all responsive, non-privileged documents.  (*Id.*, ¶ 10.)  Pacific Seafood is now forced to request an order from the Court compelling Plaintiffs to comply with their obligations under the Federal Rules of Civil Procedure and Local Rules.

Page 3   -   DEFENDANTS' MOTION TO COMPEL

## II.  ARGUMENT

### A.    LEGAL STANDARDS

Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  A party seeking discovery may "move for an order compelling . . . production [if] . . . a party fails to produce documents . . . as requested under Rule 34."  Fed. R. Civ. P. 37(a)(3)(B).  The party who opposes the discovery requests "bears the burden of establishing that the discovery is overly broad, unduly burdensome or not relevant" and cannot rely on "'[b]oilerplate, generalized objections.'"  *Jane Doe 130 v. Archdiocese of Portland in Oregon*, 717 F. Supp. 2d 1120, 1126 (D. Or. 2010) (internal citation omitted).

### B.    PLAINTIFFS WAIVED ALL OBJECTIONS BY FAILING TO TIMELY RESPOND.

"It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *see also Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).  This Court codifies this principle in Local Rule 26-5(a),[1] which provides that "[f]ailure to object to a discovery request within the time permitted by the Federal Rules of Civil Procedure, or within the time to which the parties have agreed, *constitutes a waiver of any objection*." (Emphasis added).

Plaintiffs failed to respond to the Discovery Requests within the time permitted by the Federal Rules of Civil Procedure, namely, by August 10, 2016.  (Snider Decl., ¶ 3.)  Indeed, despite being expressly informed right after the deadline on August 12, 2016 of the failure, Plaintiffs delayed their response by another *eight months*.  (*Id.*, ¶¶ 4-5, 7, Ex. 2 at 2.)  There is no

---

[1] Local Rule 26-5(a) "ha[s] the force of law."  *Richmark*, 959 F.2d at 1473 n.1.

good cause to excuse Plaintiffs' choice to ignore the Discovery Requests until April 21, 2017,

and then produce no documents and assert a series of boilerplate, unfounded objections.

Plaintiffs' silence for more than eight months "constitutes a waiver of any objection." D. Or.

L.R. 26-5(a); *see also Richmark*, 959 F.2d at 1473; *Davis*, 650 F.2d at 1160. Accordingly, the

Court should categorically overrule all of Plaintiffs' belated objections to the Discovery Requests

and order Plaintiffs to produce all responsive, non-privileged documents.

**C.    IN THE ALTERNATIVE, THE COURT SHOULD OVERRULE PLAINTIFFS' OBJECTIONS.**

> **1.    General Objection No 3 Is Baseless Because a Stipulated Protective Order Is Already in Place.**

In General Objection No. 3, Plaintiffs objected that they "will not respond to any requests

requiring production of confidential and/or competitively sensitive information until an

appropriate Protective Order has been signed by defendants and entered with the Court." App. A

at 3. But the Court entered an appropriate Protective Order more than two years ago, on March

20, 2015. (Stipulation and Protective Order Governing the Production and Exchange of

Confidential Information (Dkt. No. 63).) This Court should overrule General Objection No. 3

and order immediate production of all documents being withheld on that basis.

> **2.    The Court Should Overrule Plaintiffs' Boilerplate Objections That the Requested Documents Are Not Relevant.**

Plaintiffs object that Discovery Request Nos. 1 through 17, 28, 29, and 32 seek

documents that are not relevant to Plaintiffs' claims and not calculated to lead to admissible

evidence. *See* App. A. These objections should be overruled.

/ / /

/ / /

Page 5   -   DEFENDANTS' MOTION TO COMPEL

a.    **Discovery Request Nos. 1-8 and 10-13 Are Directly Related to the Definition of Relevant Markets and Plaintiffs' Market Participation.**

The analysis of an antitrust claim begins with definition of the relevant market, both in terms of geographic area and products. "Without a definition of the relevant market, it is impossible to determine market share." *Rebel Oil Co., Inc. v. Atlantic Richfield Co.*, 51 F.3d 1421, 1434 (9th Cir. 1995). The market's geographic scope is the "area of effective competition where buyers can turn for alternate sources of supply"—or in a monopsony, the area where sellers (fisherman) can turn for alternate buyers. *Morgan, Strand, Wheeler & Biggs v. Radiology, Ltd.*, 924 F.2d 1484, 1490 (9th Cir. 1991) (internal quotation marks, ellipses, and citation omitted). Similarly, what species fishermen fish for and whether they sell to shoreside processors like Pacific Seafood or to offshore processors affects the market definition. *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1045 (9th Cir. 2008) ("[T]he market must encompass the product at issue as well as all economic substitutes for the product."). Constraints on and the actual behavior of fishermen with regard to where they fish, what they choose to fish for, and where and to whom they deliver their catch are fundamental to Plaintiffs' antitrust claims.

Discovery Request Nos. 1 through 3 seek documents about Plaintiffs' actual seafood catches, deliveries, and sales, and Discovery Request Nos. 4 through 8 and 10 through 13 seek information about the activities of Plaintiffs' fishing vessels, and their options regarding when, where, and what to fish for. *See* App. A. Defendants assert that fishermen are not restricted to the small geographic markets alleged in the complaint (Second Amended Complaint ("SAC") (Dkt. No. 52), ¶¶ 30-34) and have the ability to switch to fish other species in the event that onshore processors do not competitively price whiting, groundfish, and shrimp. When, where, what and how Plaintiffs conduct their fishing operations is directly relevant to this critical market

definition issue.  Furthermore, Plaintiffs' activities are relevant to determine whether Plaintiffs

have Article III standing based on participation in the relevant markets.  These objections should

be overruled.

**b.      Discovery Request Nos. 1-3, 9-10, 14, 17, 28-29, and 32 Are Directly Related to Ex-Vessel Prices.**

Plaintiffs' theory is that Pacific Seafood has suppressed or will suppress ex-vessel prices

for groundfish, whiting, and shrimp, thereby harming fishermen and Plaintiffs specifically.

(SAC, ¶¶ 38-39, 49, 53, 57, 63(e).)  Discovery Request Nos. 1-3, 9-10, 14, 17, 28, 29, and 32

seek documents that relate to ex-vessel prices and their financial impact on Plaintiffs, which are

directly relevant to these allegations.  *See* App. A.  Discovery Request Nos. 9, 10, and 14, which

inquire into the profits, losses, value, and cost structure of Plaintiffs' operations, are specifically

relevant to analyzing whether whiting, groundfish, or shrimp fishermen are under greater

economic pressure from processors relative to fishermen in supposedly more competitive

markets.  *See* App. A.  Furthermore, Document Request No. 32 specifically requests documents

relating to the alleged market-wide suppression of ex-vessel prices as a result of the prices

offered by Pacific Seafood or Ocean Gold.  *See* App. A; *see also* SAC, ¶¶ 38-39, 49, 53, 57,

63(e).  If that precise price suppression is not actually occurring, then Plaintiffs—who

Defendants believe sell only to processors *other than* Pacific Seafood and Ocean Gold—have not

been injured and lack standing.  These objections should be overruled.

**c.      Discovery Request Nos. 1-3, 7, 17, and 28-29 Are Directly Related to the Antitrust Injury and Antitrust Standing Inquiries.**

Discovery Request Nos. 1, 2, 3, 7, 17, and especially 28 and 29, seek documents

regarding Plaintiffs' seafood sales, including the identity of the buyers, which is relevant to

whether Plaintiffs have antitrust standing or antitrust injury.  *See* App. A.  If Plaintiffs never

Page 7    -    DEFENDANTS' MOTION TO COMPEL

delivered whiting, shrimp or groundfish to Pacific Seafood or Ocean Gold and are at most sellers only to Pacific Seafood's competitors, then Plaintiffs may not have an antitrust injury or antitrust standing to challenge the terminated transaction.  *See Garabet v. Autonomous Techs. Corp.*, 116 F. Supp.2d 1159, 1168-69 (C.D. Cal. 2000).  Discovery requests to determine whether Plaintiffs sold to Pacific Seafood or Ocean Gold are relevant, and the objections should be overruled.

> **d.    Discovery Request Nos. 15 and 16 Are Directly Related to the Market Power Inquiry.**

Discovery Request Nos. 15 and 16, which seek documents about fishermen's organizations, are relevant to the market power inquiry.  *See* App. A.  Although Plaintiffs' claims rely on statistics allegedly describing Pacific Seafood's historical share of the purchasing markets for certain seafood products (SAC, ¶ 35), "[b]lind reliance upon market share, divorced from commercial reality," can yield "a misleading picture of a firm's actual ability to control prices or exclude competition."  *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.,* 627 F.2d 919, 924 (9th Cir. 1980).  Here, among other things, Pacific Seafood believes any alleged market power is neutralized by the countervailing power of fishermen's cooperatives or marketing associations, who may act collectively to resist any attempted suppression of ex-vessel prices. *See* 15 U.S.C. § 521.  The objections should be overruled.[2]

> **3.    The Court Should Overrule Plaintiffs' Objection About the Forthcoming Amendment of Defendants' Counterclaims.**

Plaintiffs also object to Discovery Request Nos. 1 through 17, 28, 29, and 32 because Defendants have not yet amended their counterclaims in this case as agreed by counsel.  App A. 3-10, 13-15.  But none of these requests have anything to do with Defendants' counterclaims.

---

[2] Plaintiffs also object to Discovery Request Nos. 1 through 17, 26, 28-29, and 32 as overly broad and burdensome.  App A. at 3-10, 13-15.  But Plaintiffs make no such showing— nor could they.  It is not overly broad or burdensome to ask Plaintiffs to produce documents concerning their business activities in markets that they claim are being monopolized.

Page 8    -   DEFENDANTS' MOTION TO COMPEL

Defendants' current counterclaims are for declaratory judgment, breach of contract, and breach of the duty of good faith and fair dealing based on the Whaley Resolution Agreement and Plaintiffs' refusal to arbitrate their present claims; abuse of process; and tortious interference with contract.  (Dkt. No. 70.)  These are counterclaims about what Plaintiffs did and are doing to Pacific Seafood during the current dispute, whereas Discovery Request Nos. 1 through 17, 28, 29, and 32 are about the merits of and defenses to the underlying antitrust claims.  *See supra*, Part II.C.2.  Thus, regardless of how the counterclaims are amended in the forthcoming pleading, the Court should overrule this objection.

### 4. The Court Should Overrule Plaintiffs' Objections To Discovery Request No. 24 As Vague.

Discovery Request No. 24 seeks "[a]ll documents containing or relating to any communication, written or oral, with any person relating to this lawsuit."  *See* App. A.  Plaintiffs do not object to the relevance of this discovery request.  Instead, Plaintiffs refuse to produce documents on the grounds that this request is vague, overly broad, and burdensome.  *Id.*  It is not.  Communications "with any person relating to this lawsuit" is a clearly bounded set of relevant communications.  Similarly, "[d]ocuments containing or relating to those communications" is not a vague or overbroad request.  Indeed, it is well within the mainstream of discovery requests, and Plaintiffs should have no trouble identifying and producing such communications.  This Court should overrule the objections.

### 5. The Court Should Overrule Plaintiffs' Evasive Responses to Discovery Request Nos. 33 through 44.

Discovery Request Nos. 33 through 44 seek documents relating to or supporting certain of Plaintiffs' allegations, including Plaintiffs' own allegations about the geographic areas where fishermen fish for groundfish, whiting, and shrimp and the economic distinctiveness of those

markets (RFP Nos. 33-35, 38; SAC, ¶¶ 30-32, 34); where fishermen fish relative to the processor's location and why fishermen allegedly will not fish farther away from processors (RFP Nos. 36-37; SAC, ¶¶ 33-34); Pacific Seafood Group's monopoly power and barriers to entry, including Pacific Seafood's alleged reputation for exclusionary conduct (RFP Nos. 39-40; SAC, ¶¶ 35-36); the value of the input markets for groundfish, whiting, and shrimp relative to other seafood that fishermen could harvest (RFP No. 41; SAC, ¶ 37); the harm that fishermen have allegedly suffered from Pacific Seafood (RFP No. 42; SAC, ¶ 37); the effect of Pacific Seafood's alleged consolidation of processing capacity on a coastal community (RFP No. 43; SAC, ¶ 37); and the alleged suppression of ex-vessel prices paid by Pacific Seafood (RFP No. 44; SAC, ¶ 38). *See* App. A. Plaintiffs claim they "have no responsive documents" relating to or supporting any of these allegations. But that evasive response cannot be true.

Plaintiffs allege that they are fishermen who fish for these species and sell them at ex-vessel prices to shoreside processors and that they have been paid lower ex-vessel prices as a result of Pacific Seafood's supposed misconduct. (*See, e.g.*, SAC, ¶¶ 6-10, 53.) At a minimum, they *must* have at least some documents about where they themselves fish and why, what they catch, where they deliver their catch, what their other options are, and the allegedly suppressed and harmful prices that they are paid. Plaintiffs cannot claim that their own conduct and experiences do not relate to the allegations at issue. An "evasive . . . response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). The Court should disregard Plaintiffs' evasive denial and compel them to produce responsive documents or affirmatively state they have no responsive documents.

### III.  CONCLUSION

Defendants respectfully request that the Court enter an order compelling Plaintiffs to

produce all non-privileged documents that are responsive to Defendants' First Request for

Production of Documents, or affirmatively aver that Plaintiffs have no responsive documents.

Pursuant to Fed. R. Civ. P. 37(a)(5)(A), Defendants also respectfully request an award of their

reasonable expenses.

DATED:  April 27, 2017.

STOEL RIVES LLP


/s/ Timothy W. Snider
Randolph C. Foster, OSB No. 784340
Timothy W. Snider, OSB No. 034577
Rachel C. Lee, OSB No. 102944

and

John W. Stephens, OSB No. 773583
Michael J. Esler, OSB No. 710560
Kim T. Buckley, OSB No. 781589
**ESLER, STEPHENS & BUCKLEY LLP**
121 SW Morrison Street, Suite 700
Portland, OR 97204-2012
Telephone: (503) 223-1510
Fax: (503) 294-3995

Attorneys for Defendants

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the applicable word-count limitation under LR 26-3(b) because it contains 2,975 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

DATED:  April 27, 2017.

STOEL RIVES LLP

/s/ Timothy W. Snider
Randolph C. Foster, OSB No. 784340
Timothy W. Snider, OSB No. 034577
Rachel C. Lee, OSB No. 102944

and

John W. Stephens, OSB No. 773583
Michael J. Esler, OSB No. 710560
Kim T. Buckley, OSB No. 781589
**ESLER, STEPHENS & BUCKLEY LLP**
121 SW Morrison Street, Suite 700
Portland, OR 97204-2012
Telephone: (503) 223-1510
Fax: (503) 294-3995

Attorneys for Defendants

Page 1   -   CERTIFICATE OF COMPLIANCE

# APPENDIX A

**Michael E. Haglund** OSB No. 772030
email: mhaglund@hk-law.com
**Michael K. Kelley** OSB No. 853782
email: mkelley@hk-law.com
**HAGLUND KELLEY LLP**
200 SW Market Street, Suite 1777
Portland, OR 97201
Phone: (503) 225-0777
Facsimile: (503) 225-1257

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(Medford Division)

| | |
|---|---|
| **JEFF BOARDMAN, DENNIS RANKIN, ROBERT SEITZ, TODD L. WHALEY, LLOYD D. WHALEY, SOUTH BAY WILD, INC., MISS SARAH, LLC**, and **MY FISHERIES, INC.,**<br><br>        Plaintiffs,<br><br>    v.<br><br>**PACIFIC SEAFOOD GROUP, OCEAN GOLD HOLDING CO., INC., DULCICH, INC., FRANK DULCICH, PACIFIC SEAFOOD GROUP ACQUISITION COMPANY, INC., PACIFIC SEAFOOD WASHINGTON ACQUISITION CO., INC., BANDON PACIFIC, INC., BIO-OREGON PROTEIN, INC., PACIFIC CHOICE SEAFOOD COMPANY, PACIFIC COAST SEAFOODS COMPANY, PACIFIC GARIBALDI, INC., PACIFIC GOLD SEAFOOD COMPANY, PACIFIC PRIDE SEA FOOD COMPANY, PACIFIC SEA FOOD CO., PACIFIC SURIMI CO., INC., PACIFIC TUNA** | Case No.: 1:15-cv-00108-MC<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

PAGE 1 – **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

COMPANY, LLC, WASHINGTON CRAB
PRODUCERS, INC., PACIFIC ALASKA
SHELLFISH, INC., SEA LEVEL
SEAFOODS, LLC, ISLAND FISH CO.,
LLC, PACIFIC RESURRECTION BAY,
PACIFIC CONQUEST, INC.,
CALAMARI, LLC, JO MARIE LLC,
LESLIE LEE, LLC, MISS PACIFIC, LLC,
PACIFIC FUTURE, LLC, PACIFIC
GRUMPY J, LLC, PACIFIC HOOKER,
LLC, PACIFIC HORIZON, LLC,
PACIFIC KNIGHT, LLC, PRIVATEER
LLC, SEA PRINCESS, LLC, TRIPLE
STAR, LLC, PACIFIC FISHING, LLC,
PACIFIC SEA FOOD OF ARIZONA,
INC., STARFISH INVESTMENTS, INC.,
DULCICH SURIMI, LLC, BIO-OREGON
PROPERTIES, LLC, PACIFIC GROUP
TRANSPORT CO., PACIFIC
MARKETING GROUP, INC., PACIFIC
RUSSIA, INC., PACIFIC RUSSIA
VENTURES, LLC, PACIFIC TUNA
HOLDING COMPANY, INC., POWELL
STREET MARKET LLC, PACIFIC
FRESH SEA FOOD COMPANY,
SEACLIFF SEAFOODS, INC., COPPER
RIVER RESOURCE HOLDING CO.,
INC., PACIFIC COPPER RIVER
ACQUISITION CO., INC., SEA LEVEL
SEAFOODS ACQUISITION, INC.,
ISLAND COHO, LLC; S & S SEAFOOD
CO., INC., PACIFIC SEAFOOD DISC,
INC., DULCICH REALTY, LLC,
DULCICH REALTY ACQUISITION,
LLC, DULCICH JET, LLC, and OCEAN
COMPANIES HOLDING CO., LLC,

Defendants.

PAGE 2 – **PLAINTIFFS' RESPONSE TO
DEFENDANTS' FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR  97201
Tel:  (503) 225-0777 / Fax:  (503) 225-1257
*0000023426H073 PL39*

Plaintiffs respond to Defendants' First Request for Production of Documents as follows:

## GENERAL OBJECTIONS

1.     Plaintiffs object to Defendants' First Request for Production of Documents on the grounds and to the extent that these requests attempt to require disclosure of documents and information that is privileged as an attorney-client communication and/or constitutes attorney work product prepared in anticipation of litigation, and/or is otherwise protected from disclosure by other applicable privileges, laws or statutes.

2.     Plaintiffs object to Defendants' First Requests for Production of Documents on the grounds and to the extent the defendants attempt to impose obligations on plaintiffs beyond the scope of the Federal Rules of Civil Procedure, specifically Rules 26 and 34.

3.     Plaintiffs object to Defendants' First Requests for Production of Documents on the grounds and to the extent that these requests require the disclosure of confidential business information.  Plaintiffs will not respond to any requests requiring production of confidential and/or competitively sensitive information until an appropriate Protective Order has been signed by defendants and entered with the Court.

## REQUESTS FOR PRODUCTION AND RESPONSES THERETO

### REQUEST FOR PRODUCTION NO. 1

All documents that summarize sales of seafood from January 1, 2010 to present by any plaintiff or by any entity or vessel owned or operated, in whole or in part, by or for any plaintiff.

### RESPONSE:

Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and not calculated to lead to admissible evidence.  In addition, Plaintiffs object to this request on the grounds that it seeks documents regarding matters not relevant to Plaintiffs' claims.  Finally,

PAGE 3 – **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR  97201
Tel:  (503) 225-0777 / Fax:  (503) 225-1257
0000023426H073 PL39

defense counsel has indicated that an Amended Answer eliminating all or most of Defendants' counterclaims will be filed, but that has not yet occurred.  As such, Plaintiffs expressly reserve the right to amend or supplement this response once Defendants file the promised Amended Answer.

**REQUEST FOR PRODUCTION NO. 2**

All documents from January 1, 2010 to present relating to any seafood caught, delivered, or sold by any plaintiff or by any entity or vessel owned or operated, in whole or in part, by or for any plaintiff, including any fish tickets or documents received from any processor, mothership, or cooperative.

**RESPONSE:**

See Response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 3**

Documents sufficient to show each sale of seafood since January 1, 2010 by any plaintiff or by any entity or vessel owned or operated, in whole or in part, by or for any plaintiff, including (a) the quantity (in pounds) of each species sold, (b) the price per pound paid for each species, and (c) the name and location of the buyer.

**RESPONSE:**

See response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 4**

Logbooks of the F/V Miss Yvonne, F/V Steve C, F/V Ashlyne, F/V South Bay, F/V Miss Sarah, F/V Miss Emily, F/V B.J. Thomas, F/V Cape Sebastian, F/V Dynamik, and any other

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR  97201
Tel:  (503) 225-0777 / Fax:  (503) 225-1257
*0000023426H073 PL39*

fishing vessel owned or operated, in whole or in part, by or for any plaintiff or any entity owned, in whole or in part, by any plaintiff, from January 1, 2010 to present.

**RESPONSE:**

See Response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 5**

Electronic logbook data and reports for the F/V Miss Yvonne, F/V Steve C, F/V Ashlyne, F/V South Bay, F/V Miss Sarah, F/V Miss Emily, F/V B.J. Thomas, F/V Cape Sebastian, F/V Dynamik, and any other fishing vessel owned or operated, in whole or in part, by or for any plaintiff or any entity owned, in whole or in part, by any plaintiff, from January 1, 2010 to present.

**RESPONSE:**

See Response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 6**

Electronic navigation data and reports (e.g., from Nobeltec or Coastal Explorer software) for the F/V Miss Yvonne, F/V Steve C, F/V Ashlyne, F/V South Bay, F/V Miss Sarah, F/V Miss Emily, F/V B.J. Thomas, F/V Cape Sebastian, F/V Dynamik, and any other fishing vessel owned or operated, in whole or in part, by or for any plaintiff or any entity owned, in whole or in part, by any plaintiff, from January 1, 2010 to present.

**RESPONSE:**

See Response to Request No. 1.

///

PAGE 5 – **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
*0000023426H073 PL39*

**REQUEST FOR PRODUCTION NO. 7**

Documents or data sufficient to show where the F/V Miss Yvonne, F/V Steve C, F/V Ashlyne, F/V South Bay, F/V Miss Sarah, F/V Miss Emily, F/V B.J. Thomas, F/V Cape Sebastian, F/V Dynamik, and any other fishing vessel owned or operated, in whole or in part, by or for any plaintiff or any entity owned, in whole or in part, by any plaintiff, fished, and where they delivered their catch, from January 1, 2010 to present.

**RESPONSE:**

See Response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 8**

Copies of all documentation certificates, officers' Coast Guard licenses, and state or federal fishing licenses or permits used in the operation of the F/V Miss Yvonne, F/V Steve C, F/V Ashlyne, F/V South Bay, F/V Miss Sarah, F/V Miss Emily, F/V B.J. Thomas, F/V Cape Sebastian, F/V Dynamik, and any other fishing vessel owned or operated, in whole or in part, by or for any plaintiff or any entity owned, in whole or in part, by any plaintiff, at any time since January 1, 2010.

**RESPONSE:**

See Response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 9**

All documents reflecting how the captains, officers and crew of the F/V Miss Yvonne, F/V Steve C, F/V Ashlyne, F/V South Bay, F/V Miss Sarah, F/V Miss Emily, F/V B.J. Thomas, F/V Cape Sebastian, F/V Dynamik, and any other fishing vessel owned or operated, in whole or

PAGE 6 – **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

in part, by or for any plaintiff or any entity owned, in whole or in part, by any plaintiff, are or have been compensated, including all employment agreements, fishing agreements, profit-sharing agreements, calculations of crewmembers' share of the proceeds of a voyage, calculations of bonuses, and accounting and tax reporting documents reflecting payments to captains, officers and crew at any time since January 1, 2010.

**RESPONSE:**

    See Response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 10**

    All surveys, appraisals, or valuations of the F/V Miss Yvonne, F/V Steve C, F/V Ashlyne, F/V South Bay, F/V Miss Sarah, F/V Miss Emily, F/V B.J. Thomas, F/V Cape Sebastian, F/V Dynamik, and any other fishing vessel owned or operated, in whole or in part, by or for any plaintiff or any entity owned, in whole or in part, by any plaintiff, or of their fishing permits, licenses and equipment, at any time since January 1, 2010.   In the case of the F/V Miss Emily, documents showing the purchase price of the vessel and the costs of outfitting her.

**RESPONSE:**

    See Response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 11**

    All documents, including documents containing or relating to any communication, written or oral, related to any Individual Fishing Quota ("IFQ") (or Individual Transfer Quota ("ITQ"), if any) issued to or owned, controlled, leased, traded, or used by any plaintiff or any entity that any plaintiff owns in whole or in part.

PAGE 7 – **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR  97201
Tel:  (503) 225-0777 / Fax:  (503) 225-1257
*0000023426H073 PL39*

**RESPONSE:**

See Response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 12**

All documents relating to any sales, purchases, leases, loans, or trades of IFQ (or ITQ).

**RESPONSE:**

See Response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 13**

All documents from any government agency relating to any IFQ (or ITQ), Quota Share, or Quota Pounds issued to or used by any plaintiff or any entity owned, in whole or in part, by any plaintiff.

**RESPONSE:**

See Response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 14**

Financial statements (including balance sheet and income statements) covering the time period from January 1, 2010 to the present for any fishing business owned or operated, in whole or in part, by any plaintiff or for any fishing business owned or operated, in whole or in part, by any entity owned, in whole or in part, by any plaintiff. If any such business does not have a separate financial statement for a time period, then those portions of the plaintiff's income tax return for the applicable period that report assets, liabilities, retained earnings, shareholders' equity, members'/partner's capital accounts, revenue, income, and expenses relating to such business.

PAGE 8 – **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
*0000023426H073 PL39*

**RESPONSE:**

    See Response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 15**

    All documents from January 1, 2010 to the present obtained from or provided to any fishermen's cooperative or fishermen's marketing association relating to groundfish (including Pacific whiting), pink shrimp, or Dungeness crab.

**RESPONSE:**

    See Response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 16**

    All documents containing or relating to any communication, written or oral, with any fishermen's cooperative or fishermen's marketing association relating to groundfish (including Pacific whiting), pink shrimp, or Dungeness crab from January 1, 2010 to the present.

**RESPONSE:**

    See Response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 17**

    All documents containing or relating to any communication, written or oral, relating to ex vessel prices paid to or received by any person, or quantities landed for groundfish (including Pacific whiting), pink shrimp, or Dungeness crab from January 1, 2010 to the present.  As used in this First Request, the term "landed" includes seafood delivered to another vessel, such as a mothership or a tender.

///

PAGE 9 – **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR  97201
Tel:  (503) 225-0777 / Fax:  (503) 225-1257
*0000023426H073 PL39*

**RESPONSE:**

See Response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 18**

All documents related to the capacity of any processor located in Washington, Oregon, or California to purchase, process, or sell groundfish (including Pacific whiting), pink shrimp, or Dungeness crab from January 1, 2010 to the present.

**RESPONSE:**

Responsive documents, if any, will be produced at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 19**

All documents containing or relating to any communication, written or oral, with any person or between any persons regarding any transaction, proposed transaction, or potential transaction for the purchase of shares of stock of or membership interests of Ocean Gold Seafoods, Inc., Ocean Protein, LLC, Ocean Cold, LLC, Ocean Gold International, Inc., or Hoquiam Riverview Properties, LLC.

**RESPONSE:**

Plaintiffs object to this request on the grounds that it is overly broad and unduly burdensome. Plaintiffs also object on the grounds that it calls for documents that may be protected by the attorney-client privilege or the Work Product Doctrine. Without waiving these objections, any relevant, non-privileged materials will be produced at a mutually agreeable time and place.

///

PAGE 10 – **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

**Haglund Kelley LLP**
200 SW Market Street, Suite 1777
Portland, OR  97201
Tel:  (503) 225-0777 / Fax:  (503) 225-1257
*0000023426H073 PL39*

**REQUEST FOR PRODUCTION NO. 20**

All documents containing or relating to any communication, written or oral, with any person or between any persons relating to the closing of any transaction, proposed transaction, or potential transaction for the purchase of shares of stock of or membership interests of Ocean Gold Seafoods, Inc., Ocean Protein, LLC, Ocean Cold, LLC, Ocean Gold International, Inc., or Hoquiam Riverview Properties, LLC.

**RESPONSE**:

See Response to Request No. 19.

**REQUEST FOR PRODUCTION NO. 21**

All documents containing or relating to any communication, written or oral, with any person or between any persons relating to the purchase, proposed purchase, or potential purchase of any property owned by Ocean Gold Seafoods, Inc., Ocean Protein, LLC, Ocean Cold, LLC, Ocean Gold International, Inc., or Hoquiam Riverview Properties, LLC.

**RESPONSE**:

See Response to Request No. 19.

**REQUEST FOR PRODUCTION NO. 22**

All documents containing or relating to any communication, written or oral, in which any person has expressed any interest in purchasing any property owned by Ocean Gold Seafoods, Inc., Ocean Protein, LLC, Ocean Cold, LLC, Ocean Gold International, Inc., or Hoquiam Riverview Properties, LLC.

///

PAGE 11 – **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR  97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
0000023426H073 PL39

**RESPONSE:**

See Response to Request No. 19.

**REQUEST FOR PRODUCTION NO. 23**

All documents containing or relating to any communication, written or oral, in which any person has expressed any interest in purchasing any shares of stock of or membership interests of Ocean Gold Seafoods, Inc., Ocean Protein, LLC, Ocean Cold, LLC, Ocean Gold International, Inc., or Hoquiam Riverview Properties, LLC.

**RESPONSE:**

See Response to Request No. 19.

**REQUEST FOR PRODUCTION NO. 24**

All documents containing or relating to any communication, written or oral, with any person relating to this lawsuit.

**RESPONSE:**

Plaintiffs object to this request that it is vague, overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 25**

All documents that you provided to or received from any person who may testify as a witness in this case.

**RESPONSE:**

Plaintiffs object to this request that it requests documents protected by the attorney-client privilege and/or the Work Product Doctrine. In addition, Plaintiffs have not finalized their list of witnesses or potential witnesses for this case.

PAGE 12 – **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
*0000023426H073 PL39*

**REQUEST FOR PRODUCTION NO. 26**

All documents that refer or relate to this lawsuit.

**RESPONSE:**

Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome and seeks documents that may be protected by the attorney-client privilege and/or the Work Product Doctrine.

**REQUEST FOR PRODUCTION NO. 27**

All documents relating to any communication, written or oral, between any plaintiff and Ocean Gold Seafoods, Inc., Ocean Protein, LLC, Ocean Cold, LLC, Ocean Gold International, Inc., or Hoquiam Riverview Properties, LLC.

**RESPONSE:**

Documents responsive to this request, if any, will be produced at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 28**

All documents relating to any sale of seafood to any Defendant from January 1, 2010 to the present by any plaintiff or by any entity or vessel owned or operated, in whole or in part, by or for any plaintiff.

**RESPONSE:**

See Response to Request No. 1.

///

///

PAGE 13 – **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR  97201
Tel:  (503) 225-0777 / Fax:  (503) 225-1257
*0000023426H073 PL39*

**REQUEST FOR PRODUCTION NO. 29**

All documents relating to any sale of seafood to Ocean Gold Seafoods, Inc. or its affiliates from January 1, 2010 to the present by any plaintiff or by any entity or vessel owned or operated, in whole or in part, by or for any plaintiff.

**RESPONSE:**

See Response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 30**

All documents relating to any sales, or future plans to sell, seafood to any defendant by any plaintiff or by any entity or vessel owned or operated, in whole or in part, by or for any plaintiff.

**RESPONSE:**

Documents responsive to this request, if any, will be produced at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 31**

All documents relating to any sales, or future plans to sell, seafood to Ocean Gold Seafoods, Inc. or any of its affiliates by any plaintiff or by any entity or vessel owned or operated, in whole or in part, by or for any plaintiff, including but not limited to any documents relating to plaintiff Lloyd D. Whaley's statement in ¶ 2 of the Declaration of Lloyd D. Whaley in Support of plaintiffs' Motion for Preliminary Injunction that "I plan to contact Ocean Gold about the possibility of delivering shrimp to their plant in 2015."

///

PAGE 14 – **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
0000023426H073 PL39

**RESPONSE:**

Documents responsive to this request, if any, will be produced at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 32**

All documents relating to any reduction in the price offered or paid for trawl-caught groundfish, Pacific whiting, or Pacific coldwater shrimp by processors other than Pacific Seafood, Ocean Gold Seafoods, Inc., and its affiliates compared to the price that would otherwise have been offered or paid by such processors, as a result of any price or prices offered or paid for trawl-caught groundfish, Pacific whiting, or Pacific coldwater shrimp by Pacific Seafood, Ocean Gold Seafoods, Inc., or its affiliates.

**RESPONSE:**

See Response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 33**

All documents relating to or supporting the allegation in ¶ 30 of plaintiffs' Second Amended Complaint that "[t]rawl-caught groundfish is an economically distinct seafood input market that is geographically confined to the West Coast from Ft. Bragg, California to the Canadian border."

**RESPONSE:**

The named plaintiffs in this action have no responsive documents.  However, the subject matter of this request will be addressed in Plaintiffs' expert reports filed in June 2017, and/or during the expert discovery period.

PAGE 15 – **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR  97201
Tel:  (503) 225-0777 / Fax:  (503) 225-1257
*0000023426H073 PL39*

**REQUEST FOR PRODUCTION NO. 34**

　　All documents relating to or supporting the allegation in ¶ 31 of plaintiffs' Second Amended Complaint that "[t]he onshore Pacific whiting fishery is an economically distinct seafood input market that is geographically confined to the West Coast from Ft. Bragg, California to the Canadian border."

**RESPONSE**:

　　See Response to Request No. 33.

**REQUEST FOR PRODUCTION NO. 35**

　　All documents relating to or supporting the allegation in ¶ 32 of plaintiffs' Second Amended Complaint that "Pacific coldwater shrimp is an economically distinct seafood input market that is geographically confined to the West Coast from Ft. Bragg, California to the Canadian border."

**RESPONSE**:

　　See Response to Request No. 33.

**REQUEST FOR PRODUCTION NO. 36**

　　All documents relating to or supporting the allegation in ¶ 33 of plaintiffs' Second Amended Complaint that "[b]ecause of fuel, time constraints and the perishable nature of [trawl-caught groundfish, whiting and Pacific coldwater shrimp], West Coast fishermen harvesting these three seafood commodities do not fish more than 60 to 100 miles away from the processor to which the seafood commodity will be delivered."

///

PAGE 16 – **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
*0000023426H073 PL39*

**RESPONSE:**

See Response to Request No. 33.

**REQUEST FOR PRODUCTION NO. 37**

All documents relating to or supporting the allegation in ¶ 34 of plaintiffs' Second Amended Complaint that "[t]his 60 to 100 mile geographic limit on the area that is tributary to an individual seafood processor or a group of seafood processors is consistent up and down the West Coast and applies equally to all three of these seafood commodity input markets."

**RESPONSE:**

See Response to Request No. 33.

**REQUEST FOR PRODUCTION NO. 38**

All documents relating to or supporting the allegation in ¶ 34 of plaintiffs' Second Amended Complaint that "the relevant input markets for processed trawl-caught groundfish, Pacific onshore whiting and Pacific coldwater shrimp are all geographically confined to U.S. waters off the West Coast and the seafood processors located in coastal communities in Oregon, Washington and California from Ft. Bragg, California to the Canadian border."

**RESPONSE:**

See Response to Request No. 33.

**REQUEST FOR PRODUCTION NO. 39**

All documents relating to or supporting the allegation in ¶ 35 of plaintiffs' Second Amended Complaint that "[s]ince at least 2005, Pacific Seafood Group has possessed monopoly power in the relevant seafood input markets for processed

PAGE 17 – **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR  97201
Tel:  (503) 225-0777 / Fax:  (503) 225-1257
*0000023426H073 PL39*

**RESPONSE**:

 See Response to Request No. 33.

**REQUEST FOR PRODUCTION NO. 40**

 All documents relating to or supporting the allegations in ¶ 36 of plaintiffs' Second Amended Complaint that "[s]ince at least 2005, Pacific Seafood Group's monopoly power in each of these three relevant input markets has been protected by substantial barriers to entry and expansion" and that "[t]hese barriers include the following: the inelastic character of the supply in each of these three seafood commodity input markets; the uncertain prospects for future supply as a result of intensive regulation; Pacific Seafood Group's reputation for exclusionary conduct as the dominant purchaser of these seafood commodities over the last decade; the substantial capital investment required to enter the seafood processing industry; Pacific Seafood Group's control over all fish waste processing in Oregon and its ownership position in the major fish waste processing plant in Washington; Pacific Seafood Group's absolute cost advantages over its processor competitors; the economies of scale and vertical integration fostering Pacific Seafood Group's maintenance and expansion of its monopoly power over these three seafood input markets; and the limited number of waterfront locations zoned and suitable for operation of a seafood processing plant."

**RESPONSE**:

 See Response to Request No. 33.

///

///

PAGE 18 – **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
*0000023426H073 PL39*

**REQUEST FOR PRODUCTION NO. 41**

     All documents relating to or supporting the allegation in ¶ 37 of plaintiffs' Second Amended Complaint that "[t]rawl-caught groundfish, Pacific onshore whiting and Pacific coldwater shrimp are three of the four most valuable seafood input markets on the West Coast of the United States."

**RESPONSE:**

     See Response to Request No. 33.

**REQUEST FOR PRODUCTION NO. 42**

     All documents relating to or supporting the allegation in ¶ 37 of plaintiffs' Second Amended Complaint that "[t]he aggressive consolidation and monopolization of these [trawl-caught groundfish, Pacific onshore whiting and Pacific coldwater shrimp seafood input] markets by Pacific Seafood Group has inflicted significant harm upon West Coast fishermen, fishing vessel owners and coastal communities that depend in significant part on the economics of the fishing industry."

**RESPONSE:**

     See Response to Request No. 33.

**REQUEST FOR PRODUCTION NO. 43**

     All documents relating to or supporting the allegations in ¶ 37 of plaintiffs' Second Amended Complaint that "Brookings, Oregon has historically been one of the coastal communities most economically dependent upon the health of the fishing industry" and that "[a]

PAGE 19 – **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR  97201
Tel:  (503) 225-0777 / Fax:  (503) 225-1257
*0000023426H073 PL39*

port which once had several seafood processors now has none as a result of the consolidation of processing capacity by Pacific Seafood Group in other locations."

**RESPONSE**:

See Response to Request No. 33.

**REQUEST FOR PRODUCTION NO. 44**

All documents relating to or supporting the allegations in ¶ 38 of plaintiffs' Second Amended Complaint that "Pacific Seafood Group has used its unlawfully created and maintained monopoly control over three West Coast seafood commodity input markets for the purpose of suppressing the ex vessel prices paid to fishermen in each of these three seafood input markets," and that "[a]s alleged below, this has been accomplished through an aggressive program of vertically integrated acquisitions to acquire competitor processors, fishing vessels and harvest permits, multiple tactics to set and enforce prices, exclusive dealing and tying arrangements, stealing of seafood commodities through multiple fraudulent schemes and fraudulent representations to a federal agency."

**RESPONSE**:

See Response to Request No. 33.

**REQUEST FOR PRODUCTION NO. 45**

All documents relating to or supporting the allegation in ¶ 39 of plaintiffs' Second Amended Complaint that, "between at least 2005 and 2012, Pacific Seafood Group actively conspired with Ocean Gold Seafoods to fix the ex vessel prices paid to fishermen in the onshore

PAGE 20 – **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR  97201
Tel:  (503) 225-0777 / Fax:  (503) 225-1257
*0000023426H073 PL39*

whiting market and to allocate individual fishing vessel suppliers in this seafood input market between Pacific Seafood Group and Ocean Gold Seafoods."

**RESPONSE**:

Plaintiffs object to this request on the grounds that it calls for documents protected by the attorney-client privilege and/or the Work Product Doctrine.

**REQUEST FOR PRODUCTION NO. 46**

All documents, including documents containing or relating to any communication, written or oral, relating to or supporting the allegation in ¶ 42 of plaintiffs' Second Amended Complaint that "[d]espite promises by defendant Dulcich, the [Warrenton plant referred to as Pacific Coast Seafood] has not be rebuilt and Pacific Coast Seafood is leasing space for processing from the Port of Astoria at Tongue Point."

**RESPONSE**:

Plaintiffs object this request on the grounds that it calls for documents protected by the Work Product Doctrine.

**REQUEST FOR PRODUCTION NO. 47**

All documents relating to or supporting the allegation in ¶ 43 of plaintiffs' Second Amended Complaint that "Pacific Seafood Group is actively utilizing its control of at least half of the whiting and groundfish processed at the Ucluelet Seafood Processors plant to increase its market power over these commodities in U.S. and foreign markets."

///

///

PAGE 21 – **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
*0000023426H073 PL39*

**RESPONSE**:

Plaintiffs object this request on the grounds that it calls for documents protected by the Work Product Doctrine.

**REQUEST FOR PRODUCTION NO. 48**

All documents relating to or supporting the allegations in ¶ 45 of plaintiffs' Second Amended Complaint that "Pacific Seafood Group has acquired many of the processing plants and landing stations listed above at prices substantially below fair market value," that "[t]his has been accomplished in part by aggressive use of a fraudulent tactic where Pacific Seafood Group makes a loan to a processor which includes a requirement that the processor deliver all product to Pacific Seafood Group for resale or granting Pacific Seafood Group the exclusive right to sell all seafood products generated by the plant," and that "[t]hen, at a point where Pacific Seafood Group owes the processor a substantial sum, defendants trump up a quality claim, impose severe financial hardship on the processor and then negotiate to acquire it at a discounted price."

**RESPONSE**:

Plaintiffs object this request on the grounds that it calls for documents protected by the Work Product Doctrine.

**REQUEST FOR PRODUCTION NO. 49**

All documents relating to or supporting the allegation in ¶ 47 of plaintiffs' Second Amended Complaint that "[d]uring the last 15 years, Pacific Seafood Group has been the single largest buyer of fishing vessels on the West Coast."

///

PAGE 22 – **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR  97201
Tel:  (503) 225-0777 / Fax:  (503) 225-1257
*0000023426H073 PL39*

**RESPONSE:**

Plaintiffs object this request on the grounds that it calls for documents protected by the Work Product Doctrine.

**REQUEST FOR PRODUCTION NO. 50**

All documents relating to or supporting the allegations in ¶ 49 of plaintiffs' Second Amended Complaint that "[d]uring the period of 1983 through the filing of the *Whaley* class action lawsuit in mid-2010, Pacific Seafood Group used multiple tactics to set and enforce ex vessel prices" and that "[t]hese tactics included efforts to intimidate competitors who offered higher ex vessel prices, use of Pacific Seafood Group's captive fishing fleet to set or hold down ex vessel prices and the use of arbitrary poundage limits on fishing vessel deliveries."

**RESPONSE:**

Plaintiffs object this request on the grounds that it calls for documents protected by the Work Product Doctrine.

**REQUEST FOR PRODUCTION NO. 51**

All documents relating to or supporting the allegations in ¶ 50 of plaintiffs' Second Amended Complaint that "[b]etween 2002 and 2012, Pacific Seafood Group used multiple schemes to coerce fishermen into long-term exclusive dealing arrangements in which Pacific Seafood Group essentially dictated seafood commodity pricing to the involved fishermen" and that "Pacific Seafood Group coerced fishermen into oral multi-year exclusive dealing arrangements through the illegal tying of its willingness to make a market for seafood commodities in which it held substantial market power to a commitment by that fisherman to

PAGE 23 – **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
*0000023426H073 PL39*

deliver other seafood commodities to Pacific Seafood Group, through retaliation against non-complying fishermen and by making loans and advances to fishermen conditioned on delivery of all seafood commodities harvest by that fisherman to Pacific Seafood Group."

**RESPONSE**:

Plaintiffs object this request on the grounds that it calls for documents protected by the Work Product Doctrine.

**REQUEST FOR PRODUCTION NO. 52**

All documents relating to or supporting the allegation in ¶ 50 of plaintiffs' Second Amended Complaint that "Pacific Seafood Group has also used exclusive dealing arrangements with Ocean Gold Seafoods to control its operations and the sale of all products except bait pursuant to contracts that have been in place since 1999."

**RESPONSE**:

Plaintiffs object this request on the grounds that it calls for documents protected by the Work Product Doctrine.

**REQUEST FOR PRODUCTION NO. 53**

All documents relating to or supporting the allegation in ¶ 51 of plaintiffs' Second Amended Complaint that "[d]uring the period of 1983 through the filing of the *Whaley* class action lawsuit in mid-2010, Pacific Seafood Group engaged in the theft of seafood commodities from fishermen through multiple schemes including manipulation of scales at its processing plants, allowing plant managers to override scale data, arbitrarily increasing its deductions that reduced the actual poundage delivered, tallying delivered fish as smaller than actual and

PAGE 24 – **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
0000023426H073 PL39

unilaterally designating a portion of a delivered catch as an unusable 'weighback' for which there is no payment."

**RESPONSE:**

Plaintiffs object this request on the grounds that it calls for documents protected by the Work Product Doctrine.

**REQUEST FOR PRODUCTION NO. 54**

All documents relating to or supporting the allegation in ¶ 52 of plaintiffs' Second Amended Complaint that "[d]uring the period of 2006-08, Pacific Seafood Group made false representations to the Pacific Fisheries Management Council (PFMC) which successfully influenced the PFMC to grant a 20% share of onshore whiting quota to processors rather than granting 100% of that quota to fishermen as is the case with all other federally regulated West Coast fisheries."

**RESPONSE:**

Plaintiffs object this request on the grounds that it calls for documents protected by the Work Product Doctrine.

**REQUEST FOR PRODUCTION NO. 55**

All documents relating to or supporting the allegations in ¶ 53 of plaintiffs' Second Amended Complaint that "Pacific Seafood Group's aggressive acquisition of its processor competition and its intentional use of multiple anticompetitive, exclusionary actions as alleged above has caused a substantial loss of competition in the West Coast fishing industry generally and specifically the seafood input markets for trawl-caught groundfish, Pacific onshore whiting

PAGE 25 – **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR  97201
Tel:  (503) 225-0777 / Fax:  (503) 225-1257
*0000023426H073 PL39*

and Pacific coldwater shrimp and has resulted in Pacific Seafood Group acquiring monopoly power in each of these markets in violations of the Sherman Act and the Clayton Act" and that "[t]his loss of competition has resulted in price suppression in each of the seafood input markets at issue in this case."

**RESPONSE:**

    Plaintiffs object this request on the grounds that it calls for documents protected by the Work Product Doctrine.

**REQUEST FOR PRODUCTION NO. 56**

    All documents relating to or supporting the allegations in ¶ 54 of plaintiffs' Second Amended Complaint that "[a]s a result of the actions by Pacific Seafood Group, there are many fewer seafood processors in West Coast coastal communities than would be the case in the absence of their monopolistic and predatory actions described above," that "[a]s a result, innovation in the industry is constrained in terms of the range of seafood products offered to consumers," and that "[i]n addition, consumers are offered more frozen and less fresh seafood products than would be the case in a more competitive seafood market."

**RESPONSE:**

    Plaintiffs object this request on the grounds that it calls for documents protected by the Work Product Doctrine.  The subject matter of this request will be addressed in Plaintiffs' expert reports to be filed in June 2017 and/or during the expert discovery process.

///

///

PAGE 26 – **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR  97201
Tel:  (503) 225-0777 / Fax:  (503) 225-1257
*0000023426H073 PL39*

**REQUEST FOR PRODUCTION NO. 57**

All documents relating to or supporting the allegations in ¶ 55 of plaintiffs' Second Amended Complaint that "[u]nless precluded by court action, Pacific Seafood Group's acquisition of full control of Ocean Gold Seafoods and its affiliated companies will increase the monopoly power that Pacific Seafood Group currently holds in the West Coast markets for trawl-caught groundfish, Pacific whiting and Pacific coldwater shrimp," and that "[a]s a result, Pacific Seafood Group's remaining seafood processor competitors will be exposed to a greater risk of being forced out of business to the long-term detriment of West Coast fishermen engaged in these markets and to U.S. consumers of the processed seafood generated by these markets."

**RESPONSE:**

Plaintiffs object this request on the grounds that it calls for documents protected by the Work Product Doctrine. The subject matter of this request will be addressed in Plaintiffs' expert reports to be filed in June 2017 and/or during the expert discovery process.

**REQUEST FOR PRODUCTION NO. 58**

All documents relating to or supporting the allegation in plaintiffs' Fifth Affirmative Defense to Defendants' Counterclaims that "Defendants should be barred under the doctrine of laches from pursuing any Counterclaims given their continued negotiations in secret, delay, and prejudice in proceeding."

**RESPONSE:**

Plaintiffs have no documents responsive to this request other than the materials already in Defendants' possession.

PAGE 27 – **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
*0000023426H073 PL39*

**REQUEST FOR PRODUCTION NO. 59**

All documents relating to or supporting the allegations in ¶ 3 of Plaintiffs' Second Amended Complaint that "[u]pon information and belief, there are viable alternative purchasers of Ocean Gold Seafoods and its affiliates other than defendants," that "[i]f Ocean Gold Seafoods and its affiliates are acquired by a seafood processor other than Pacific Seafood Group, competitive conditions in the West Coast markets for trawl-caught groundfish, Pacific whiting and Pacific coldwater shrimp will be substantially enhanced," and that "[t]his will benefit both West Coast fishermen and U.S. consumers."

**RESPONSE:**

Plaintiffs object to this request on the grounds that it calls for documents protected by the Work Product privilege.


DATED this 21 day of April, 2017.

HAGLUND KELLEY LLP


By: _____
Michael K. Kelley, OSB No. 853782
Michael E. Haglund, OSB No. 772030
Attorneys for Plaintiffs


PAGE 28 – **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
*0000023426H073 PL39*

## CERTIFICATE OF SERVICE

I hereby certify that on the ⁷⁷⟋ day of April, 2017, I served the foregoing

**PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION**

**OF DOCUMENTS** on the following by the following indicated method(s):

Michael J. Esler
John W. Stephens
Esler Stephens & Buckley, LLP
121 SW Morrison St., Ste. 700
Portland, OR 97204-2021
esler@eslerstephens.com
stephens@eslerstephens.com

Randolph C. Foster
Timothy W. Snider
Rachel C. Lee
Stoel Rives LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR  97204-3183
Randy.foster@stoel.com
Timothy.snider@stoel.com
Rachel.lee@stoel.com

☐    by **mailing** a full, true and correct copy thereof in a sealed first-class postage prepaid envelope, addressed to the foregoing attorneys at their last known office address, and deposited with the United States Post Office at Portland, Oregon on the date set forth above.

☒    by **emailing** a full, true and correct copy thereof to the foregoing attorneys at their last known email addresses on the date set forth above.

☐    by causing a full, true and correct copy thereof to be **hand delivered** to the attorneys at their last known address listed above on the date set forth above.

☐    by sending a full, true and correct copy thereof via **overnight mail** in a sealed, prepaid envelope, addressed to the attorneys as shown above on the date set forth above.

☐    by **faxing** a full, true and correct copy thereof to the attorneys at the fax number shown above, which is the last-known fax number for the attorneys' office on the date set forth above.

☐    by transmitting full, true and correct copies thereof to the attorneys through the court's Cm/ECF system on the date set forth above.

Michael K. Kelley, OSB No. 853782

**PAGE 1 -- CERTIFICATE OF SERVICE**