**Michael E. Haglund,** OSB No. 772030
email: mhaglund@hk-law.com
**Michael K. Kelley,** OSB No. 853782
email: mkelley@hk-law.com
**Eric J. Brickenstein,** OSB No. 142852
email: ebrickenstein@hk-law.com
**HAGLUND KELLEY LLP**
200 SW Market Street, Suite 1777
Portland, OR 97201
Phone: (503) 225-0777
Facsimile: (503) 225-1257

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(Medford Division)

| | |
|---|---|
| JEFF BOARDMAN, DENNIS RANKIN, ROBERT SEITZ, TODD L. WHALEY, LLOYD D. WHALEY, SOUTH BAY WILD, INC., MISS SARAH, LLC, and MY FISHERIES, INC.,<br><br>        Plaintiffs,<br>   v.<br><br>PACIFIC SEAFOOD GROUP, OCEAN GOLD HOLDING CO., INC., DULCICH, INC., FRANK DULCICH, PACIFIC SEAFOOD GROUP ACQUISITION COMPANY, INC., PACIFIC SEAFOOD WASHINGTON ACQUISITION CO., INC., BANDON PACIFIC, INC., BIO-OREGON PROTEIN, INC., PACIFIC CHOICE SEAFOOD COMPANY, PACIFIC COAST SEAFOODS COMPANY, PACIFIC GARIBALDI, INC., PACIFIC GOLD SEAFOOD COMPANY, PACIFIC PRIDE SEA FOOD COMPANY, PACIFIC SEA FOOD CO., PACIFIC SURIMI CO., INC., PACIFIC TUNA COMPANY, LLC, WASHINGTON | Case No.: 1:15-cv-00108-MC<br><br>**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**<br><br>**(Oral Argument Requested)** |

PAGE 1 – **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**

*Haglund Kelley LLP*
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
*PL50 -- 49933*

| |
|---|
| CRAB PRODUCERS, INC., PACIFIC ALASKA SHELLFISH, INC., SEA LEVEL SEAFOODS, LLC, ISLAND FISH CO., LLC, PACIFIC RESURRECTION BAY, PACIFIC CONQUEST, INC., CALAMARI, LLC, JO MARIE LLC, LESLIE LEE, LLC, MISS PACIFIC, LLC, PACIFIC FUTURE, LLC, PACIFIC GRUMPY J, LLC, PACIFIC HOOKER, LLC, PACIFIC HORIZON, LLC, PACIFIC KNIGHT, LLC, PRIVATEER LLC, SEA PRINCESS, LLC, TRIPLE STAR, LLC, PACIFIC FISHING, LLC, PACIFIC SEA FOOD OF ARIZONA, INC., STARFISH INVESTMENTS, INC., DULCICH SURIMI, LLC, BIO-OREGON PROPERTIES, LLC, PACIFIC GROUP TRANSPORT CO., PACIFIC MARKETING GROUP, INC., PACIFIC RUSSIA, INC., PACIFIC RUSSIA VENTURES, LLC, PACIFIC TUNA HOLDING COMPANY, INC., POWELL STREET MARKET LLC, PACIFIC FRESH SEA FOOD COMPANY, SEACLIFF SEAFOODS, INC., COPPER RIVER RESOURCE HOLDING CO., INC., PACIFIC COPPER RIVER ACQUISITION CO., INC., SEA LEVEL SEAFOODS ACQUISITION, INC., ISLAND COHO, LLC, S & S SEAFOOD CO., INC., PACIFIC SEAFOOD DISC, INC.,  DULCICH REALTY, LLC, DULCICH REALTY ACQUISITION, LLC, DULCICH JET, LLC, and OCEAN COMPANIES HOLDING CO., LLC,<br><br>      Defendants. |

## I.  INTRODUCTION.

Plaintiffs do not dispute that they did not respond to Defendants' First Request for Production of Documents ("RFP") within the time specified in the FRCP. In light of the unique

PAGE 2 – PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
*PL50 -- 49933*

procedural circumstances of this case, however, including an approximately year-long stay of proceedings that bisected plaintiffs' response time and confounded scheduling, plaintiffs respectfully ask that the Court exercise its broad discretion to grant relief from the burdensome sanction of a blanket waiver of their objections to the RFP. Plaintiffs' objections aim only to avoid undue burden and constrain discovery to its appropriate scope, and should be sustained on their merits. Moreover, even if the Court were to deem plaintiffs' objections waived, it should exercise its authority under FRCP 26(b)(2)(C) to appropriately limit the extent of discovery sought by defendants (collectively, "Pacific Seafood").

Contrary to defendants' assertion, they have suffered no prejudice from plaintiffs' delay in responding to the RFP. Pacific Seafood seeks 59 categories of documents, many of which are sweepingly overbroad, untethered to the issues of this case, or call for information that, while relevant, is already accessible to defendants via the Pacific Fisheries Information Network ("PacFIN") and the Alaska Fisheries Information Network ("AKFIN"), which aggregate the requested market and sales data in an organized format. Further, although Pacific Seafood now claims to require unchecked discovery on an expedited basis, its manufactured urgency is belied by the fact that it waited eight months to file the pending motion to compel. Indeed, in its September 30, 2016 response to the Court's request for a status report after the stay lifted, Pacific Seafood did not even mention the discovery responses it now claims are critical to its preparation. Further, no depositions have yet occurred or even been requested.

Under these circumstances, with trial not set until April 2018, the Court should allow the parties to proceed with discovery in the ordinary course. Although the Federal Rules permit the Court to impose a blanket forfeiture of plaintiffs' objections, such a rigid approach would work significant hardship and achieve no benefit. Instead, the Court should exercise its discretion to

PAGE 3 – **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
*PL50 -- 49933*

consider the merits of plaintiffs' objections and allow discovery only within the appropriate scope.

## II. BACKGROUND.

This case began on January 22, 2015, when plaintiffs filed suit to enjoin Pacific Seafood's imminent attempt to acquire Ocean Gold Seafoods, Inc., its most significant seafood processing competitor, in violation of the antitrust laws of the United States. *See generally*, Dkt. 1-3. This Court first imposed a temporary restraining order against the transaction and, on March 6, 2015, granted plaintiffs' request for a preliminary injunction. Dkt. 11, 55. Approximately three months later, the Court denied Pacific Seafood's motion to compel arbitration under the *Whaley* Resolution Agreement. Dkt. 83.

On March 12, 2015, less than a week after the Court entered the preliminary injunction, plaintiffs filed an unopposed motion for an order allowing all parties and the Oregon Department of Justice access to fish ticket databases maintained by PacFIN. Dkt. 58. As plaintiffs explained:

> The central issue in the case is whether a permanent combination of Pacific Seafood Group and Ocean Gold Seafoods or any of the assets owned by its affiliated companies will be anticompetitive by significantly lessening competition in one or more of three West Coast seafood input markets. The market shares of Pacific Seafood Group and Ocean Gold Seafoods are central to resolving this issue and by Ocean Gold Seafoods.
>
> In Oregon, Washington and California, a fish ticket must be generated for every delivery of a seafood commodity by a commercial fisherman to a processor. <u>These fish tickets show the species delivered, poundage, point of delivery, buyer and ex vessel price. All three states assemble the data from these fish tickets into a database which can be utilized to provide very precise information about the total percentage of each seafood commodity at issue in this case</u> that is purchased by defendants and by Ocean Gold Seafoods (emphasis added).

Plaintiffs, with defendants' agreement, went on to note that the information aggregated by PacFIN was the "best evidence" of market share in the relevant markets and that access would

PAGE 4 – PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
*PL50 -- 49933*

improve the litigation's efficiency because the "[fish ticket] databases provide the best available and most precise data which cannot be duplicated elsewhere. <u>Access will streamline discovery</u> and the work of experts on key issues in this case." *Id.* (emphasis added).

The Court granted plaintiffs' unopposed motion on March 20, 2015. The same day, the Court also granted defendants' unopposed motion for access to similar databases maintained by AKFIN that cover Alaska's fisheries. Thus, since March 20, 2015, all parties to the litigation have had equal access to detailed, organized data for every sale and delivery of each seafood commodity at issue in this case including the species delivered, poundage, point of delivery, buyer, and ex vessel price, spanning the entire West Coast between the Mexican and Canadian borders and Alaska.

On July 23, 2015, months after the Court granted access to the fish ticket databases, defendants served their RFP. Inexplicably, many of Pacific Seafood's specific requests called for precisely the same information to which they already had access via PacFIN and AKFIN.[1] It is in large part this same data, which has been readily available to defendants for more than two years, that Pacific Seafood now asks the Court to compel plaintiffs to produce on an expedited basis.

On August 6, 2015 the Court granted Pacific Seafood's request to stay proceedings during the pendency of its consolidated interlocutory appeals. The stay, which remained in effect for nearly a year until the Ninth Circuit issued its mandate affirming this Court's decisions, tolled plaintiffs' time to respond to Pacific Seafood's RFP. Dkt. 110. After the stay was lifted in July

---

[1] *See, e.g.*, Req. No. 1 (requesting documents summarizing plaintiffs' sales of seafood); Req. No. 2 (calling for fish tickets); Req. No. 3 (calling for "[d]ocuments sufficient to show each sale of seafood . . . including (a) the quantity (in pounds) of each species sold, (b) the price per pound paid for each species, and (c) the name and location of the buyer."); Req. No. 7 (calling for documents showing where plaintiffs delivered their catch).

PAGE 5 – **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**

2016, plaintiffs' counsel inadvertently failed to re-docket the new deadline to respond. Haglund Decl., ¶ 4.

Upon resumption of proceedings following the Ninth Circuit's decision, this Court ordered the parties to file status reports detailing the status of the case and a proposed case schedule. Dkt. 111. Pacific Seafood filed its response to the Court's request on September 30, 2016. Dkt. 115. Tellingly, Pacific Seafood's response made no mention whatsoever of plaintiffs' delayed discovery responses. Indeed, aside from an isolated reference in a comprehensive letter to plaintiffs' counsel on August 12, 2016, Pacific Seafood did not raise the issue of outstanding discovery for nearly eight months after the stay lifted. Not until April 7, 2017, did Pacific Seafood suddenly demand that plaintiffs produce large volumes of documents, the vast majority of which are either irrelevant or already accessible to defendants, on an expedited basis and without objection.

Upon becoming aware that Pacific Seafood's pre-stay discovery requests remained unanswered, plaintiffs promptly served responses and agreed to produce certain documents while objecting to specific requests that exceed the reasonable limits of discovery. Rather than engage with plaintiffs to determine what documents were actually needed and within the scope of Rule 26(b), Pacific Seafood filed this motion seeking blanket discovery without regard to its burdensomeness, duplicitousness, or lack of relevance.

### III. LEGAL STANDARD.

The Federal Rules of Civil Procedure define the scope of discovery and state in relevant part that:

///

PAGE 6 – PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
*PL50 -- 49933*

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, <u>the parties' relative access to relevant information</u>, the parties' resources, the importance of the discovery in resolving the issues, and <u>whether the burden or expense of the proposed discovery outweighs its likely benefit</u>.

Fed. R. Civ. P. 26(b)(1) (emphasis added). Although the Rules allow parties considerable breadth to develop their case, the recent amendments to Rule 26 make clear that the appropriate scope of discovery is not without limits. Instead, as a well-reasoned opinion from the District of Nevada aptly observed:

> The 2015 amendments to Rule 26(b)(1) emphasize the need to impose "reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." *Id.* The fundamental principle of amended Rule 26(b)(1) is "*that* lawyers must size and shape their discovery requests to the requisites of a case." *Id.* at 7. The pretrial process must provide parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery. This requires active involvement of federal judges to make decisions regarding the scope of discovery.

*Roberts v. Clark Cty. Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016) (*quoting* Chief Justice John Roberts, 2015 Year-End Report on the Federal Judiciary (Dec. 31, 2015), *available at* http://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf). To that end, district courts have broad discretion to limit discovery where the information sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Sec'y of Labor, United States Dep't of Labor v. Kazu Constr., LLC*, No. CV 16-00077 ACK-KSC, 2017 WL 628455, at *2 (D. Haw. Feb. 15, 2017) (*quoting* Fed. R. Civ. P. 26(b)(2)(C)).

Consistent with the Federal Rules' goal of mitigating wasteful litigation tactics, Rule 26(b)(2)(C) expressly empowers the Court to limit discovery, and provides that:

PAGE 7 – **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
*PL50 -- 49933*

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

District courts in this Circuit routinely rely on Rule 26(b)(2)(C) to protect litigants from oppressive discovery tactics. *See, e.g. E.E.O.C. v. Wal-Mart Stores, Inc.*, 276 F.R.D. 637, 642 (E.D. Wash. 2011) (denying motion to compel where the potential relevance of discovery sought was outweighed by the burden it would impose on the opposing party).

## IV.  ARGUMENT.

### A.  The Court Should Exercise its Discretion to Consider Plaintiffs' Objections on Their Merits Rather than Impose a Blanket Waiver.

Pacific Seafood insists that plaintiffs have necessarily waived their objections to the RFP by failing to respond within the time allocated by the Federal Rules. Although Pacific Seafood is correct that a party's failure to timely respond to discovery requests may result in a waiver of objections, *see Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468 (9th Cir. 1992), it carefully ignores the Court's broad discretion to grant relief from waiver and hear plaintiffs' objections on their merits. *See Kazu Constr., LLC*, 2017 WL 628455, at *3 ("courts retain discretion to relieve a late or non-responding party from the potentially harsh consequences associated with waiver.") (quotation omitted); *see also Burlington Ins. Co. v. Okie Dokie, Inc.*, 368 F. Supp. 2d 83, 91 (D.D.C. 2005) (declining to waive plaintiff's tardy objections where defendant suffered no prejudice from the delay and the plaintiff had "not demonstrated a pattern

PAGE 8 – PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR  97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
*PL50 -- 49933*

of misconduct that would warrant the relatively harsh punishment sought."). As explained below, given the unique procedural history of this case and the absence of any bad faith by plaintiffs or prejudice to defendants, plaintiffs respectfully ask the Court to do just that.

In determining whether or not good cause warrants relief from a blanket waiver of discovery objections, courts consider several relevant factors, including:

> (1) the length of the delay; (2) the reason for the delay; (3) the existence of bad faith; (4) the prejudice to the party seeking the disclosure; (5) the nature of the request; and (6) the harshness of imposing the waiver.

*Valadez v. Aguallo*, No. C08-03100JW (HRL), 2009 WL 1814239, at *1 (N.D. Cal. June 24, 2009) (*citing Hall v. Sullivan*, 231 F.R.D. 468, 474 (D.Md.2005)). Of the above factors, the existence of bad faith and degree of prejudice to the party seeking disclosure are particularly significant. *See id.* In this case, the *Valadez* factors tip sharply in favor of extending plaintiffs relief from waiver of their objections.

Of the six *Valadez* factors, factors three and four are the most critical and strongly favor granting plaintiffs relief from waiver. First, there is no indication – and Pacific Seafood does not allege – that plaintiffs' delay in responding to the RFP was a product of bad faith. Second, contrary to its assertions Pacific Seafood will suffer no prejudice if the Court grants plaintiffs relief. Defendants waited eight months to file this motion. With the stay lifted last July and trial not set until next April, defendants have had, and still do have ample time to obtain discovery in the ordinary course. Perhaps more significantly, Pacific Seafood has had access to the relevant information that it now seeks since March 2015, four months <u>before</u> it served its RFP. Dkts. 64, 65 (granting the parties access to fish ticket databases). Under these circumstances, defendants cannot seriously claim that they will be prejudiced if plaintiffs are not compelled to complete burdensome discovery on an expedited basis.

PAGE 9 – **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
*PL50 -- 49933*

While factors three and four alone are sufficient for the Court to decline to waive plaintiffs' objections, factors five and six also weigh in favor of granting relief. Many of the specific requests subject to objection call for documents already accessible to Pacific Seafood via PacFIN and AKFIN, *e.g.*, Req. Nos. 1-3, while others seek information that is disproportionate or irrelevant to the issues in this case. *e.g.*, Req. Nos. 4-7 (calling for all navigation and logbook data, including electronic and manually kept records, from each plaintiffs' vessels during the last seven years). Requiring each plaintiff to locate and produce this extensive and detailed data despite its specious relevance, particularly on an expedited basis, would work significant hardship on plaintiffs and serve no purpose. Under these circumstances, the Court should exercise its discretion to grant relief. *See Kazu Constr., LLC*, 2017 WL 628455, at *3.

Only the first two *Valades* factors arguably tip in Pacific Seafood's favor. Plaintiffs acknowledge that their delay in responding to the RFP was not brief, and was due to a docketing oversight by counsel precipitated by the long stay in proceedings. Still, the Court should not ignore Pacific Seafood's own contribution to the length of delay by failing to diligently pursue discovery. Had Pacific Seafood actually believed it was being prejudiced, it could have raised the issue with plaintiffs' counsel or this Court at any time during the last eight months. Instead, defendants did nothing. Pacific Seafood cannot demand expedited discovery now after demonstrating no urgency for the better part of a year.

///

///

///

///

PAGE 10 – **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
*PL50 -- 49933*

In sum, the Court should exercise its discretion and find that plaintiffs have not waived their objections to the RFP. As discussed below, plaintiffs' material objections[2] to the RFP seek only to limit discovery to its proper bounds and should be sustained on their merits.

B.  **Plaintiffs' Specific Objections to the RFP Should be Sustained.**

   1.  **All Relevant Information Regarding Market Definitions and Plaintiffs' Market Participation is Readily Available to Pacific Seafood Via the Fish Ticket Databases.**

Pacific Seafood insists that plaintiffs' responses to Requests Nos. 1-8 and 10-13 are critical to its ability to challenge plaintiffs' market definition and ascertain their market participation. Dkt. 119 at 6. That is, according to defendants, because the "actual behavior of fishermen" including "what species fishermen fish for and whether they sell to shoreside processors like Pacific Seafood or to offshore processors affects the market definitions." *Id.* Pacific Seafood also asserts that "Plaintiffs' activities are relevant to determine whether Plaintiffs have Article III standing based on participation in the relevant markets." *Id.* at 7.

Plaintiffs do not dispute that defendants have a right to know what species plaintiffs fish for, the volume and ex vessel price of their catch, and where and to whom they sell their catch. Pacific Seafood has not and cannot, however, give any explanation for why it needs to obtain that information from plaintiffs when it is readily accessible in a much more complete and organized format via the fish ticket databases. Surely PacFIN's records, which include all of the

///

///

---

[2] Plaintiffs concede Section II.C.1. of defendants' motion and waive objection based on lack of an appropriate protective order, which plaintiffs acknowledge has been entered in this case.

PAGE 11 – **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
*PL50 -- 49933*

relevant information Pacific Seafood seeks,[3] not only for plaintiffs but for <u>every market participant</u>, would be a much more efficient and effective resource for defendants to draw on than individual plaintiffs' piecemeal records. Obviously, the fish ticket databases will also confirm plaintiffs' participation in the relevant markets for standing purposes.

In sum, avoiding the unnecessary burden and inefficiency that Pacific Seafood now advocates is exactly why the parties sought access to the fish ticket databases in the first place. Dkt. 58 ("[fish ticket] databases provide the best available and most precise data which cannot be duplicated elsewhere. Access will streamline discovery and the work of experts on key issues in this case."). The "[w]hen, where, what and how Plaintiffs conduct their fishing operations" has been available to defendants since March 20, 2015. Dkt. 119 at 6. Pacific Seafood has no reason whatsoever to demand that plaintiffs duplicate this information other than as an oppressive tactic of attrition. Plaintiffs' objections to Pacific Seafood's requests should be sustained.

      2.     **<u>All Relevant Information Regarding Ex Vessel Prices is Available to Pacific Seafood via the Fish Ticket Databases.</u>**

Pacific Seafood argues that Request Nos. 1-3, 9-10, 14, 17, 28, 29, and 32 are relevant to its ability to ascertain "ex vessel prices and their financial impact on Plaintiffs." Here again, all of the relevant data sought by defendants is already accessible to them via the fish ticket databases. The fish ticket databases contain information regarding the precise ex vessel price paid to every plaintiff for each sale of seafood products made during the entire relevant time period. There is absolutely no justification for requiring plaintiffs to reproduce this information.

---

[3] While some of the specific requests seek relevant information that is available via the fish ticket databases, others call for documents that are completely divorced from any market related inquiry. For example, it is unclear what bearing officers' Coast Guard licenses (Req. No. 8) or "all surveys, appraisals, or valuations" of plaintiffs' vessels (Req. No. 10) could possibly have on the relevant market definitions or plaintiffs' market participation.

PAGE 12 – **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
*PL50 -- 49933*

To the extent the RFP calls for more detailed information regarding plaintiffs' finances than the sales data included in the fish ticket databases, the requests are either irrelevant, or grossly disproportionate to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1); *See, e.g.*, Req. No. 14 (calling for more than six years of financial statements from each fishing business related to any plaintiff). It does not require a deep dive into plaintiffs' accounting and business records to understand that Pacific Seafood's anticompetitive suppression of ex vessel prices will have a "financial impact" on plaintiffs' fishing business. Dkt. 119 at 7. Where, as here, plaintiffs do not seek quantified damages, there is no reason to subject them to an intrusive and burdensome investigation of their sensitive business and financial records.

### 3. All Relevant Information Regarding the Antitrust Standing Inquiries is Available to Pacific Seafood via the Fish Ticket Databases.

Defendants also attempt to justify their demand that plaintiffs produce documents regarding their "seafood sales, including the identity of buyers" on grounds that the documents are relevant to the antitrust standing or antitrust injury inquiries. *Id.* (in support of Req. Nos. 1-3, 7, 17, and 28-29). Yet again, even if defendants are correct regarding the relevance of plaintiffs' seafood sales records, there is no need to demand from plaintiffs what is already equally available to defendants.[4] Plaintiffs' objection to these requests should be sustained.

///

///

///

---

[4] Oddly, defendants also claim to need sales records from plaintiffs in order to "determine whether Plaintiffs' sold to Pacific Seafood or Ocean Gold." Dkt. 119 at 8. It is unclear why Pacific Seafood, which presumably keeps internal records of its own purchases, would not have that information in its possession.

PAGE 13 – **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
*PL50 -- 49933*

    4.    **Plaintiffs' Objections to Requests Nos. 15 and 16 Should be Sustained Because the Alleged Influence of Fishermen's Cooperatives is Irrelevant to the Market Power Inquiry.**

Requests Nos. 15 and 16 are essentially duplicative requests that call for production of all documents related to correspondence or any other communication between plaintiffs and any fishermen's cooperative or marketing association since January 1, 2010, regardless of subject matter. Pacific Seafood claims that this production is necessary to support its novel theory that the alleged influence of the cooperatives bears on the market power inquiry. Tellingly, Pacific Seafood does not cite any authority for this flawed proposition. In fact, while market share does not necessarily equate to market power, the factors that bear on the inquiry are well defined and do not include collective negotiation by a monopsonist's vendors. *See Rebel Oil Company, Inc. v. Atlantic Richfield Company*, 51 F.3d 1421, n. 10 (1995) ( "The far wiser approach [to analyzing market power], which this circuit has observed if not explicitly adopted, is illustrated by *Ball Memorial Hosp.*, 784 F.2d at 1335 (7th Cir.) and *Ryko Mfg.*, 823 F.2d at 1232 (8th Cir.), where the issue of market power was decided by carefully analyzing certain telltale factors in the relevant market: <u>market share, entry barriers and the capacity of existing competitors to expand output</u>. We see no reason to depart from this mode of analysis.") (emphasis added).

Even if information regarding communication with the fishermen's cooperatives and marketing associations was relevant to the market power inquiry, which it is not, the breadth and burdensomeness of Pacific Seafood's requests is wildly disproportionate to the needs of this case. The burden to plaintiffs of producing confidential communications with the fishermen's collectives regarding price negotiations to Pacific Seafood, the dominant purchaser of their products, is hard to overstate and should not be imposed absent a significant showing of need.

PAGE 14 – **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
*PL50 -- 49933*

*See* Fed. R. Civ. P. 26(b)(1) (requiring courts to consider whether the burden of production outweighs its likely benefit). Moreover, Pacific Seafood does not even attempt to tailor the scope of its requests to their alleged relevance to the market power inquiry. Instead, it seeks to force plaintiffs to produce years' worth of sensitive information regardless of subject matter and without any legitimate need. Request nos. 15 and 16 exceed the proper scope of discovery, and plaintiffs' objections should be sustained.

### 5. Request No. 24 is Overly Broad and Unduly Burdensome because it specifically Targets Information Protected by the Attorney-Client Privilege and Work Product Doctrine.

Request No. 24 seeks "all documents" containing or relating to communication with "any person" relating to the lawsuit. The request makes no exception for privileged communications between plaintiffs and their counsel, nor does it exclude documents prepared during and in anticipation of this litigation. Moreover, the request is vague in that it is equally susceptible to construction as calling only for documents relating to the lawsuit or, more broadly, for all documents relating to any person involved in the lawsuit. Nonetheless, plaintiffs partially concede II.C.4. of defendants motion, and agree to produce any non-privileged, non-work product documents that contain or relate to communications about this lawsuit.

### 6. Plaintiffs' Responses to Request Nos. 33 through 44 are not Evasive.

Pacific Seafood's Request Nos. 33 through 44 seek documents "relating to or supporting" various allegations in plaintiffs' Second Amended Complaint related to defining the relevant markets and describing the impact of Pacific Seafood's monopoly power on economic and

PAGE 15 – **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
*PL50 -- 49933*

competitive conditions therein.[5] Plaintiffs appropriately responded to these requests by stating that while the named plaintiffs do not have responsive documents, the subject matter of Pacific Seafoods' requests will be addressed in plaintiffs' expert reports and during the expert discovery period.

There is nothing evasive about plaintiffs' response. Indeed, it is to be expected that expert witnesses, rather than plaintiffs themselves, will possess and develop the evidence in support of market definition and other technical, economic inquiries. Nonetheless, defendants insist that plaintiffs' "must have at least some documents" regarding the details of their fishing activities and the ex vessel prices they are paid. As already explained repeatedly, <u>all of the information relevant to these inquires is available to Pacific Seafood via the fish ticket databases</u>. Indeed, plaintiffs anticipate that the expert reports and testimony responsive to Request Nos. 33 through 44 will draw heavily on information from the fish ticket databases. *See* Dkt. 58 (noting that access to the fish ticket databases will "streamline discovery and the work of experts on key issues). There is no reason for the Court to disturb plaintiffs' responses which are not evasive and plainly provide that responsive information will be disclosed at an appropriate time.

### C. The Court Should Exercise its Authority Under Rule 26(b)(2)(C) to Limit Discovery and Reject Pacific Seafood's Improper Use of Discovery as a Weapon of Attrition.

Pacific Seafood's goal is simple – to dissuade plaintiffs from litigating their meritorious antitrust claims by abusing the discovery process as a burdensome barrier to accessing justice.

---

[5] *See, e.g.*, Req. Nos. 33-35 (regarding plaintiffs' allegations that trawl-caught groundfish, Pacific whiting, and Pacific coldwater shrimp are economically distinct input markets); Req. Nos. 36-38 (regarding plaintiffs' allegations that the relevant markets are geographically constrained); Req. Nos. 39-44 (regarding Pacific Seafood's monopoly power and competitive and economic conditions in the relevant markets).

PAGE 16 – PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
*PL50 -- 49933*

Pacific Seafood served its RFP in July 2015, months after the Court granted access to the fish ticket databases, knowing full well that its requests were specious and largely duplicative of information already available to it. After lying in wait for eight months after the stay was lifted last July, Pacific Seafood now asks the Court to expose plaintiffs to extreme undue burden and expense by categorically overruling their legitimate objections. The Court should not endorse defendants' thinly veiled game of "gotcha."

Even if the Court believes it is constrained to waive plaintiffs' objections to the RFP, it should exercise its authority under the Federal Rules to limit discovery on its own volition. Fed. R. Civ. P. 26(b)(2)(C). Rule 26(b)(2) provides that the Court "must" limit discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

All three mandatory justifications to limit discovery pertain to this case. As explained above, the RFP seeks extensive production of information that is either not relevant or is already available to Pacific Seafood. Under these circumstances, the Court should exercise its authority under Rule 26(b)(2)(C) to limit discovery and hold that:

- All relevant information called for by Request Nos. 1-17, 28, 29, and 32 regarding plaintiffs' business and financial operations, including data regarding their catch and sale of seafood products within the relevant markets is available to Pacific Seafood via the fish ticket databases, and it is therefore unduly burdensome to compel plaintiffs to produce duplicative information. *See id.* at § (b)(2)(C)(i);

PAGE 17 – **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
*PL50 -- 49933*

- All information called for by Request Nos. 1-17, 28, 29, and 32 other than what is available via the fish ticket databases is beyond the scope of Rule 26(b)(1) and, therefore, requires no further response from plaintiffs. *See id.* at § (b)(2)(C)(iii);

- Request No. 24 is beyond the scope of Rule 26(b)(1) insofar as it calls for information protected by the attorney-client privilege, work product doctrine, or other applicable privilege. *See id.*;

- Request Nos. 33 through 44 call for information that is either available to Pacific Seafood via the fish ticket databases or is properly addressed during expert discovery, and thus require no further response from plaintiffs at this time. *See id.* at § (b)(2)(C)(i); and

- To the extent that the Court grants any portion of defendants' motion to compel, that defendants have waived their right to demand expedited discovery by waiting eight months to file this motion. *See id.* at § (b)(2)(C)(ii).

In sum, the Court should "provide [defendants] with efficient access to what is needed to prove a claim or defense, but <u>eliminate unnecessary or wasteful discovery</u>. *Roberts v. Clark Cty. Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016) (emphasis added).

## IV. **CONCLUSION.**

For the foregoing reasons Pacific Seafood's motion, including its request for an award of expenses, should be denied. Instead, the Court should limit discovery to its proper scope and allow it to proceed in the ordinary course.

Dated this 10th day of May, 2017.

        HAGLUND KELLEY LLP

        By: *s/ Michael E. Haglund*
            Michael E. Haglund, OSB No. 772030
            email: mhaglund@hk-lawcom
            Michael K. Kelley, OSB No. 853782
            email: kelley@hk-law.com
            Eric J. Brickenstein, OSB No. 142852
            email; ebrickenstein@hk-law.com
            Attorneys for Plaintiffs

PAGE 18 – **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
*PL50 -- 49933*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of May, 2017, I served the foregoing **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**, on the following:

| | |
|---|---|
| Michael J. Esler | Randolph C. Foster |
| John W. Stephens | Timothy W. Snider |
| Kim T. Buckley | Rachel C. Lee |
| Esler Stephens & Buckley, LLP | Stoel Rives LLP |
| 121 SW Morrison St., Ste. 700 | 900 SW Fifth Avenue, Suite 2600 |
| Portland, OR 97204-2021 | Portland, OR 97204-3183 |
| esler@eslerstephens.com | Randy.foster@stoel.com |
| stephens@eslerstephens.com | Timothy.snider@stoel.com |
| buckley@eslerstephens.com | Rachel.lee@stoel.com |

by the following indicated method(s):

☐ by regular **mail** in a sealed first-class postage prepaid envelope and deposited with the United States Post Office at Portland, Oregon.

☒ by **email**.

☐ by **hand delivery**.

☐ by **overnight mail**.

☐ by **facsimile** as indicated.

☒ by transmitting full through the court's Cm/ECF system.

                                          *s/ Michael E. Haglund*
                                          Michael E. Haglund
                                          Attorney for Plaintiffs

PAGE 1 -- CERTIFICATE OF SERVICE