John W. Stephens, OSB No. 773583
stephens@eslerstephens.com
Michael J. Esler, OSB No. 710560
esler@eslerstephens.com
Kim T. Buckley, OSB No. 781589
buckley@eslerstephens.com
**ESLER, STEPHENS & BUCKLEY LLP**
121 SW Morrison Street, Suite 700
Portland, OR 97204-2012
Telephone: (503) 223-1510
Facsimile: (503) 294-3995

Randolph C. Foster, OSB No. 784340
randy.foster@stoel.com
Timothy W. Snider, OSB No. 034577
timothy.snider@stoel.com
Rachel C. Lee, OSB No. 102944
rachel.lee@stoel.com
**STOEL RIVES LLP**
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480


Attorneys for All Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JEFF BOARDMAN, et al., | Case No.: 1:15-cv-00108-MC |
| Plaintiffs, | **PACIFIC SEAFOOD'S MOTION TO COMPEL OVERDUE PRODUCTION OF DOCUMENTS** |
| v. | |
| PACIFIC SEAFOOD GROUP, et al., | |
| Defendants. | *Expedited Consideration and Oral Argument Requested* |

PACIFIC SEAFOOD'S MOTION TO COMPEL OVERDUE PRODUCTION OF
DOCUMENTS

## LR 7-1(a) CERTIFICATION

Pursuant to Fed. R. Civ. 37(a)(1) and Local Rule 7-1(a), Defendants ("Defendants" or "Pacific Seafood") certify they conferred with Plaintiffs' counsel in a good faith effort to resolve the dispute, but the parties were unable to resolve it.

## MOTION

Defendants respectfully move pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iv) for an order compelling Plaintiffs to promptly produce the documents that they have failed to produce despite having either being ordered by this Court or agreeing to produce them, namely the non-privileged documents responsive to Request for Production Nos. 15-16, 18-24, 27, and 30-31 (the "Requests"). Pursuant to FRCP 37(a)(5)(A), Pacific Seafood also requests an award of its reasonable expenses incurred in making this motion.

Plaintiffs' responses to the Requests are attached as Appendix A to this Motion. This Motion is supported by the Declaration of Rachel C. Lee in Support of Pacific Seafood's Motion to Compel Overdue Production of Documents ("Lee Decl.") and exhibits thereto, filed herewith.

## MEMORANDUM

Pacific Seafood was already forced to move to compel on the Requests once. Even after the Court ordered Plaintiffs to produce documents, Pacific Seafood is forced to return to the Court once again on these Requests. Plaintiffs' production of documents responsive to the Requests is long overdue, and repeated inquiries to Plaintiffs' counsel have been met with silence.

There is no dispute that Pacific Seafood is entitled to these documents—the Court already ordered some of them produced, and Plaintiffs themselves agreed to produce the remainder. Yet Plaintiffs have not produced *one single document* since this case was filed in January 2015.

Page 1    -    PACIFIC SEAFOOD'S MOTION TO COMPEL OVERDUE PRODUCTION OF DOCUMENTS

Pacific Seafood therefore seeks the Court's assistance to compel Plaintiffs to produce the responsive documents immediately.

## I.  FACTUAL BACKGROUND

Pacific Seafood served the Requests on Plaintiffs on July 23, 2015.  (Lee Decl., ¶ 2; Ex. 1.)

Plaintiffs agreed on April 21, 2017 that they would produce documents responsive to Request Nos. 18-23, 27, and 30-31.  (App. A.)

On May 26, 2017, the Court entered a minute order granting Pacific Seafood's motion to compel as to Request Nos. 15 and 16.  (Lee Decl., Ex. 4 (Order (Dkt. 132).)

As to Request No. 24, the Court ordered Plaintiffs to produce non-privileged, non-work-product documents about this lawsuit.[1]  (*Id.*; *see also* Ex. 3 (Tr. 20:17-21 ("What I'm ordering the plaintiffs to do, if they are in possession of documents that are not privileged, not work product, containing communications relating to the lawsuit, that needs to be turned over.")).)

Because the Court did not set a specific date for Plaintiffs' compliance with the order compelling production (*see* Lee Decl., Ex. 4), Local Rule 37-2 required Plaintiffs to comply with the order within 14 days.  Plaintiffs had also represented to the Court at the hearing on the motion to compel that they would produce "many rounds of documents, these documents we said we would provide" by June 16, 2017.  (Lee Decl., Ex. 3 (Tr. 9:7-11).)

Plaintiffs produced no documents by June 9 (*i.e.*, 14 days after the Court's order).  (Lee Decl., ¶ 7.)  Plaintiffs also produced no documents by June 16, 2017.  (*Id.*, ¶ 8.)

---

[1] Plaintiffs had already agreed to produce non-privileged, non-work product documents that contain or relate to communications about the lawsuit.  (Lee Decl., Ex. 2 (Plaintiffs' Memorandum in Opposition to Defendants' Motion to Compel (Dkt. 124), at 15).)

On June 23, 2017, Pacific Seafood's counsel wrote to Plaintiffs' counsel, asking for production of the documents responsive to the Requests.  (*See* Lee Decl., Ex. 5 at 1.)  Pacific Seafood's counsel requested that Plaintiffs' counsel inform her if Plaintiffs were unable or unwilling to produce the documents by June 29, 2017, so that the parties could arrant a time to confer on a motion to compel.  (*Id*. at 2.)  Plaintiffs' counsel did not respond to the letter.  (Lee Decl., ¶ 10.)  On July 10, 2017, Pacific Seafood's counsel wrote again to Plaintiffs' counsel and noted the lack of response to the June 23, 2017 letter.  (Lee Decl., Ex. 6 at 2.)  Pacific Seafood's counsel asked for Plaintiffs' counsel's availability on July 12, 2017 to confer.  (*Id.*)  Plaintiffs' counsel did not respond to the letter, and Plaintiffs still did not produce the documents.  (Lee Decl., ¶¶ 12-13.)

To date, Plaintiffs have not produced one single document responsive to Request Nos. 15-16, 18-24, 27, or 30-31—or one single document at all.  (*Id.*, ¶ 13.)

## II.  ARGUMENT

### A.    Legal Standards

A party seeking discovery may "move for an order compelling . . . production [if] . . . a party fails to produce documents . . . as requested under Rule 34."  Fed. R. Civ. P. 37(a)(3)(B).

Local Rule 37-2 provides that, "[u]nless otherwise directed by the Court, the party against whom an order to compel has been entered must comply with the order within 14 days after the date of entry of the order."

### B.    The Court Should Order Plaintiffs to Produce The Documents in Seven Days.

It is undisputed that Plaintiffs must produce the documents responsive to Request Nos. 15-16, 18-24, 27, and 30-31.  The Court already ordered the production of documents responsive to Request Nos. 15-16 and 24, and Plaintiffs agreed that they would produce documents

responsive to Request Nos. 18-24, 27, and 30-31.  (Lee Decl., Ex. 4 (Order); Lee Decl., Ex. 3 (Tr. 20:17-21); Lee Decl., Ex. 2; App. A.)  Thus, the only issue before the Court is *when* Plaintiffs must produce the documents.

The document production is overdue.  Under Local Rule 37-2, Plaintiffs were required to produce the documents responsive to Request Nos. 15-16 and 24 more than a month ago, on June 9, 2017.  And Plaintiffs' counsel represented to the Court that Plaintiffs would produce the documents that Plaintiffs had agreed to produce—documents responsive to Request Nos. 18-24, 27, and 30-31—by June 16, 2017.  (Lee Decl., Ex. 3 (Tr. 9:7-11); *see also* Lee Decl., Ex. 2.)  Yet almost four weeks later, Plaintiffs still have not produced a single page.  (Lee Decl., ¶ 13.)

Plaintiffs have had ample time to prepare the document production.  It has now been almost twelve weeks since Plaintiffs agreed on April 21 to produce the majority of these documents.  (App. A.)  Twelve weeks is presumably enough time to gather and produce the documents, as Plaintiffs' counsel voluntarily represented to the Court that the task would be accomplished by June 16, 2017.  (Lee Decl., Ex. 3 (Tr. 9:7-11).)  As to the remaining documents, it has now been almost seven weeks since this Court granted Pacific Seafood's motion to compel on Request Nos. 15 and 16.  (Lee Decl., Ex. 4 (Order).).  That too, should be sufficient time, and Plaintiffs never claimed to the Court that producing those particular documents would require additional time to comply.  But Plaintiffs have produced *nothing* in response to *any* of the Requests.  (Lee Decl., ¶ 13.)

Pacific Seafood needs these documents promptly.  Reports currently are due from Pacific Seafood's experts on September 1, 2017,[2] and Pacific Seafood needs to depose Plaintiffs before

---

[2] Pacific Seafood may move for a short extension of the case schedule given Plaintiffs' delays in responding to discovery and delays in obtaining PacFIN and AKFIN data ordered by the Court in June but not yet provided by the applicable regulatory bodies.

the close of fact discovery on September 29, 2017.  Pacific Seafood attempted to reach out to

Plaintiffs' counsel to obtain the documents without involving the Court again, but its

correspondence was met with silence, and no documents were forthcoming.  Pacific Seafood

cannot afford to wait any longer for Plaintiffs to comply with their obligations and produce the

documents.

## III.  CONCLUSION

Pacific Seafood respectfully requests that the Court enter an order compelling Plaintiffs

to produce the non-privileged documents that are responsive to Defendants' Request for

Production Nos. 15-16, 18-24, 27, and 30-31 within seven days of entry of the order.  Pursuant to

FRCP 37(a)(5)(A), Pacific Seafood also respectfully requests an award of its reasonable

expenses.

DATED:  July 13, 2017.

STOEL RIVES LLP

/s/ Rachel C. LEe
Randolph C. Foster, OSB No. 784340
Timothy W. Snider, OSB No. 034577
Rachel C. Lee, OSB No. 102944

and

John W. Stephens, OSB No. 773583
Michael J. Esler, OSB No. 710560
Kim T. Buckley, OSB No. 781589
**ESLER, STEPHENS & BUCKLEY LLP**
121 SW Morrison Street, Suite 700
Portland, OR 97204-2012
Telephone: (503) 223-1510
Fax: (503) 294-3995

Attorneys for Defendants

# Appendix A

**Michael E. Haglund** OSB No. 772030
email: mhaglund@hk-law.com
**Michael K. Kelley** OSB No. 853782
email: mkelley@hk-law.com
**HAGLUND KELLEY LLP**
200 SW Market Street, Suite 1777
Portland, OR 97201
Phone: (503) 225-0777
Facsimile: (503) 225-1257

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(Medford Division)

| | |
|---|---|
| JEFF BOARDMAN, DENNIS RANKIN, ROBERT SEITZ, TODD L. WHALEY, LLOYD D. WHALEY, SOUTH BAY WILD, INC., MISS SARAH, LLC, and MY FISHERIES, INC., <br><br>          Plaintiffs, <br>     v. <br><br> PACIFIC SEAFOOD GROUP, OCEAN GOLD HOLDING CO., INC., DULCICH, INC., FRANK DULCICH, PACIFIC SEAFOOD GROUP ACQUISITION COMPANY, INC., PACIFIC SEAFOOD WASHINGTON ACQUISITION CO., INC., BANDON PACIFIC, INC., BIO-OREGON PROTEIN, INC., PACIFIC CHOICE SEAFOOD COMPANY, PACIFIC COAST SEAFOODS COMPANY, PACIFIC GARIBALDI, INC., PACIFIC GOLD SEAFOOD COMPANY, PACIFIC PRIDE SEA FOOD COMPANY, PACIFIC SEA FOOD CO., PACIFIC SURIMI CO., INC., PACIFIC TUNA | Case No.: 1:15-cv-00108-MC <br><br><br> **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

PAGE 1 – **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

COMPANY, LLC, WASHINGTON CRAB
PRODUCERS, INC., PACIFIC ALASKA
SHELLFISH, INC., SEA LEVEL
SEAFOODS, LLC, ISLAND FISH CO.,
LLC, PACIFIC RESURRECTION BAY,
PACIFIC CONQUEST, INC.,
CALAMARI, LLC, JO MARIE LLC,
LESLIE LEE, LLC, MISS PACIFIC, LLC,
PACIFIC FUTURE, LLC, PACIFIC
GRUMPY J, LLC, PACIFIC HOOKER,
LLC, PACIFIC HORIZON, LLC,
PACIFIC KNIGHT, LLC, PRIVATEER
LLC, SEA PRINCESS, LLC, TRIPLE
STAR, LLC, PACIFIC FISHING, LLC,
PACIFIC SEA FOOD OF ARIZONA,
INC., STARFISH INVESTMENTS, INC.,
DULCICH SURIMI, LLC, BIO-OREGON
PROPERTIES, LLC, PACIFIC GROUP
TRANSPORT CO., PACIFIC
MARKETING GROUP, INC., PACIFIC
RUSSIA, INC., PACIFIC RUSSIA
VENTURES, LLC, PACIFIC TUNA
HOLDING COMPANY, INC., POWELL
STREET MARKET LLC, PACIFIC
FRESH SEA FOOD COMPANY,
SEACLIFF SEAFOODS, INC., COPPER
RIVER RESOURCE HOLDING CO.,
INC., PACIFIC COPPER RIVER
ACQUISITION CO., INC., SEA LEVEL
SEAFOODS ACQUISITION, INC.,
ISLAND COHO, LLC; S & S SEAFOOD
CO., INC., PACIFIC SEAFOOD DISC,
INC., DULCICH REALTY, LLC,
DULCICH REALTY ACQUISITION,
LLC, DULCICH JET, LLC, and OCEAN
COMPANIES HOLDING CO., LLC,

Defendants.

PAGE 2 – **PLAINTIFFS' RESPONSE TO
DEFENDANTS' FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
0000023426H073 PL39

Plaintiffs respond to Defendants' First Request for Production of Documents as follows:

## GENERAL OBJECTIONS

1.      Plaintiffs object to Defendants' First Request for Production of Documents on the grounds and to the extent that these requests attempt to require disclosure of documents and information that is privileged as an attorney-client communication and/or constitutes attorney work product prepared in anticipation of litigation, and/or is otherwise protected from disclosure by other applicable privileges, laws or statutes.

2.      Plaintiffs object to Defendants' First Requests for Production of Documents on the grounds and to the extent the defendants attempt to impose obligations on plaintiffs beyond the scope of the Federal Rules of Civil Procedure, specifically Rules 26 and 34.

3.      Plaintiffs object to Defendants' First Requests for Production of Documents on the grounds and to the extent that these requests require the disclosure of confidential business information.  Plaintiffs will not respond to any requests requiring production of confidential and/or competitively sensitive information until an appropriate Protective Order has been signed by defendants and entered with the Court.

## REQUESTS FOR PRODUCTION AND RESPONSES THERETO

### REQUEST FOR PRODUCTION NO. 1

All documents that summarize sales of seafood from January 1, 2010 to present by any plaintiff or by any entity or vessel owned or operated, in whole or in part, by or for any plaintiff.

### RESPONSE:

Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and not calculated to lead to admissible evidence.  In addition, Plaintiffs object to this request on the grounds that it seeks documents regarding matters not relevant to Plaintiffs' claims.  Finally,

PAGE 3 – **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
*0000023426H073 PL39*

**RESPONSE:**

    See Response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 15**

    All documents from January 1, 2010 to the present obtained from or provided to any fishermen's cooperative or fishermen's marketing association relating to groundfish (including Pacific whiting), pink shrimp, or Dungeness crab.

**RESPONSE:**

    See Response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 16**

    All documents containing or relating to any communication, written or oral, with any fishermen's cooperative or fishermen's marketing association relating to groundfish (including Pacific whiting), pink shrimp, or Dungeness crab from January 1, 2010 to the present.

**RESPONSE:**

    See Response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 17**

    All documents containing or relating to any communication, written or oral, relating to ex vessel prices paid to or received by any person, or quantities landed for groundfish (including Pacific whiting), pink shrimp, or Dungeness crab from January 1, 2010 to the present.  As used in this First Request, the term "landed" includes seafood delivered to another vessel, such as a mothership or a tender.

///

PAGE 9 – **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR  97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
0000023426H073 PL39

**RESPONSE:**

See Response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 18**

All documents related to the capacity of any processor located in Washington, Oregon, or California to purchase, process, or sell groundfish (including Pacific whiting), pink shrimp, or Dungeness crab from January 1, 2010 to the present.

**RESPONSE:**

Responsive documents, if any, will be produced at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 19**

All documents containing or relating to any communication, written or oral, with any person or between any persons regarding any transaction, proposed transaction, or potential transaction for the purchase of shares of stock of or membership interests of Ocean Gold Seafoods, Inc., Ocean Protein, LLC, Ocean Cold, LLC, Ocean Gold International, Inc., or Hoquiam Riverview Properties, LLC.

**RESPONSE:**

Plaintiffs object to this request on the grounds that it is overly broad and unduly burdensome. Plaintiffs also object on the grounds that it calls for documents that may be protected by the attorney-client privilege or the Work Product Doctrine. Without waiving these objections, any relevant, non-privileged materials will be produced at a mutually agreeable time and place.

///

PAGE 10 – **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
0000023426H073 PL39

**REQUEST FOR PRODUCTION NO. 20**

All documents containing or relating to any communication, written or oral, with any person or between any persons relating to the closing of any transaction, proposed transaction, or potential transaction for the purchase of shares of stock of or membership interests of Ocean Gold Seafoods, Inc., Ocean Protein, LLC, Ocean Cold, LLC, Ocean Gold International, Inc., or Hoquiam Riverview Properties, LLC.

**RESPONSE:**

See Response to Request No. 19.

**REQUEST FOR PRODUCTION NO. 21**

All documents containing or relating to any communication, written or oral, with any person or between any persons relating to the purchase, proposed purchase, or potential purchase of any property owned by Ocean Gold Seafoods, Inc., Ocean Protein, LLC, Ocean Cold, LLC, Ocean Gold International, Inc., or Hoquiam Riverview Properties, LLC.

**RESPONSE:**

See Response to Request No. 19.

**REQUEST FOR PRODUCTION NO. 22**

All documents containing or relating to any communication, written or oral, in which any person has expressed any interest in purchasing any property owned by Ocean Gold Seafoods, Inc., Ocean Protein, LLC, Ocean Cold, LLC, Ocean Gold International, Inc., or Hoquiam Riverview Properties, LLC.

///

PAGE 11 – **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
0000023426H073 PL39

Appendix A
Page 6 of 12

**RESPONSE:**

    See Response to Request No. 19.

**REQUEST FOR PRODUCTION NO. 23**

    All documents containing or relating to any communication, written or oral, in which any person has expressed any interest in purchasing any shares of stock of or membership interests of Ocean Gold Seafoods, Inc., Ocean Protein, LLC, Ocean Cold, LLC, Ocean Gold International, Inc., or Hoquiam Riverview Properties, LLC.

**RESPONSE:**

    See Response to Request No. 19.

**REQUEST FOR PRODUCTION NO. 24**

    All documents containing or relating to any communication, written or oral, with any person relating to this lawsuit.

**RESPONSE:**

    Plaintiffs object to this request that it is vague, overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 25**

    All documents that you provided to or received from any person who may testify as a witness in this case.

**RESPONSE:**

    Plaintiffs object to this request that it requests documents protected by the attorney-client privilege and/or the Work Product Doctrine. In addition, Plaintiffs have not finalized their list of witnesses or potential witnesses for this case.

PAGE 12 – **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
0000023426H073 PL39

<u>**REQUEST FOR PRODUCTION NO. 26**</u>

All documents that refer or relate to this lawsuit.

<u>**RESPONSE**</u>:

Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome and seeks documents that may be protected by the attorney-client privilege and/or the Work Product Doctrine.

<u>**REQUEST FOR PRODUCTION NO. 27**</u>

All documents relating to any communication, written or oral, between any plaintiff and Ocean Gold Seafoods, Inc., Ocean Protein, LLC, Ocean Cold, LLC, Ocean Gold International, Inc., or Hoquiam Riverview Properties, LLC.

<u>**RESPONSE**</u>:

Documents responsive to this request, if any, will be produced at a mutually convenient time and place.

<u>**REQUEST FOR PRODUCTION NO. 28**</u>

All documents relating to any sale of seafood to any Defendant from January 1, 2010 to the present by any plaintiff or by any entity or vessel owned or operated, in whole or in part, by or for any plaintiff.

<u>**RESPONSE**</u>:

See Response to Request No. 1.

///

///

PAGE 13 – **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
*0000023426H073 PL39*

## REQUEST FOR PRODUCTION NO. 29

All documents relating to any sale of seafood to Ocean Gold Seafoods, Inc. or its affiliates from January 1, 2010 to the present by any plaintiff or by any entity or vessel owned or operated, in whole or in part, by or for any plaintiff.

## RESPONSE:

See Response to Request No. 1.

## REQUEST FOR PRODUCTION NO. 30

All documents relating to any sales, or future plans to sell, seafood to any defendant by any plaintiff or by any entity or vessel owned or operated, in whole or in part, by or for any plaintiff.

## RESPONSE:

Documents responsive to this request, if any, will be produced at a mutually convenient time and place.

## REQUEST FOR PRODUCTION NO. 31

All documents relating to any sales, or future plans to sell, seafood to Ocean Gold Seafoods, Inc. or any of its affiliates by any plaintiff or by any entity or vessel owned or operated, in whole or in part, by or for any plaintiff, including but not limited to any documents relating to plaintiff Lloyd D. Whaley's statement in ¶ 2 of the Declaration of Lloyd D. Whaley in Support of plaintiffs' Motion for Preliminary Injunction that "I plan to contact Ocean Gold about the possibility of delivering shrimp to their plant in 2015."

///

PAGE 14 – **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR  97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
0000023426H073 PL39

**RESPONSE:**

Documents responsive to this request, if any, will be produced at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 32**

All documents relating to any reduction in the price offered or paid for trawl-caught groundfish, Pacific whiting, or Pacific coldwater shrimp by processors other than Pacific Seafood, Ocean Gold Seafoods, Inc., and its affiliates compared to the price that would otherwise have been offered or paid by such processors, as a result of any price or prices offered or paid for trawl-caught groundfish, Pacific whiting, or Pacific coldwater shrimp by Pacific Seafood, Ocean Gold Seafoods, Inc., or its affiliates.

**RESPONSE:**

See Response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 33**

All documents relating to or supporting the allegation in ¶ 30 of plaintiffs' Second Amended Complaint that "[t]rawl-caught groundfish is an economically distinct seafood input market that is geographically confined to the West Coast from Ft. Bragg, California to the Canadian border."

**RESPONSE:**

The named plaintiffs in this action have no responsive documents. However, the subject matter of this request will be addressed in Plaintiffs' expert reports filed in June 2017, and/or during the expert discovery period.

PAGE 15 – **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
0000023426H073 PL39

**REQUEST FOR PRODUCTION NO. 59**

All documents relating to or supporting the allegations in ¶ 3 of Plaintiffs' Second Amended Complaint that "[u]pon information and belief, there are viable alternative purchasers of Ocean Gold Seafoods and its affiliates other than defendants," that "[i]f Ocean Gold Seafoods and its affiliates are acquired by a seafood processor other than Pacific Seafood Group, competitive conditions in the West Coast markets for trawl-caught groundfish, Pacific whiting and Pacific coldwater shrimp will be substantially enhanced," and that "[t]his will benefit both West Coast fishermen and U.S. consumers."

**RESPONSE:**

Plaintiffs object to this request on the grounds that it calls for documents protected by the Work Product privilege.

DATED this 21 day of April, 2017.

HAGLUND KELLEY LLP

By: _____

Michael K. Kelley, OSB No. 853782
Michael E. Haglund, OSB No. 772030
Attorneys for Plaintiffs

PAGE 28 – **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
0000023426H073 PL39

## CERTIFICATE OF SERVICE

I hereby certify that on the ___21___ day of April, 2017, I served the foregoing

**PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION**

**OF DOCUMENTS** on the following by the following indicated method(s):

Michael J. Esler
John W. Stephens
Esler Stephens & Buckley, LLP
121 SW Morrison St., Ste. 700
Portland, OR 97204-2021
esler@eslerstephens.com
stephens@eslerstephens.com

Randolph C. Foster
Timothy W. Snider
Rachel C. Lee
Stoel Rives LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR  97204-3183
Randy.foster@stoel.com
Timothy.snider@stoel.com
Rachel.lee@stoel.com

☐    by **mailing** a full, true and correct copy thereof in a sealed first-class postage prepaid envelope, addressed to the foregoing attorneys at their last known office address, and deposited with the United States Post Office at Portland, Oregon on the date set forth above.

☒    by **emailing** a full, true and correct copy thereof to the foregoing attorneys at their last known email addresses on the date set forth above.

☐    by causing a full, true and correct copy thereof to be **hand delivered** to the attorneys at their last known address listed above on the date set forth above.

☐    by sending a full, true and correct copy thereof via **overnight mail** in a sealed, prepaid envelope, addressed to the attorneys as shown above on the date set forth above.

☐    by **faxing** a full, true and correct copy thereof to the attorneys at the fax number shown above, which is the last-known fax number for the attorneys' office on the date set forth above.

☐    by transmitting full, true and correct copies thereof to the attorneys through the court's Cm/ECF system on the date set forth above.

_____
Michael K. Kelley, OSB No. 853782

**PAGE 1 -- CERTIFICATE OF SERVICE**