John W. Stephens, OSB No. 773583
stephens@eslerstephens.com
Michael J. Esler, OSB No. 710560
esler@eslerstephens.com
**ESLER, STEPHENS & BUCKLEY LLP**
121 SW Morrison Street, Suite 700
Portland, OR 97204-2012
Telephone: (503) 223-1510
Facsimile: (503) 294-3995

Randolph C. Foster, OSB No. 784340
randy.foster@stoel.com
Timothy W. Snider, OSB No. 034577
timothy.snider@stoel.com
Rachel C. Lee, OSB No. 102944
rachel.lee@stoel.com
**STOEL RIVES LLP**
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

Attorneys for All Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JEFF BOARDMAN, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>PACIFIC SEAFOOD GROUP, et al.,<br><br>  Defendants. | Case No.: 1:15-cv-00108-MC<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ANSWERS TO INTERROGATORIES**<br><br>*Expedited Consideration and Oral Argument Requested* |

Page 1   -   REPLY IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ANSWERS
             TO INTERROGATORIES

93688211.3 0052902-00009

## I.     REPLY ARGUMENT

Plaintiffs contend that Pacific Seafood's Motion to Compel Answers to Interrogatories is moot. It is not.

**A.    Plaintiffs' Supplemental Answer to Interrogatory No. 1, Which Asks Plaintiffs to Describe Each of Their Alleged Relevant Markets, Is Still Incomplete.**

Without retracting their original answer, Plaintiffs supplemented their answer to Interrogatory No. 1 with the following statement:

> SUPPLEMENTAL ANSWER: See the discussion of the relevant product and geographic markets at pages 4-12 of the expert witness disclosure of Dr. Hans Radtke.

(Dkt. No. 144-1 at 3.) This answer fails to provide the information sought by Pacific Seafood's motion to compel and, indeed, creates additional problems:

- The Radtke Report does not identify which fish species Dr. Radtke includes and excludes from his "trawl-caught groundfish" alleged product market. (Second Lee Decl., ¶ 7.[1]) There are over 90 different species that could be characterized broadly as "groundfish"—including Pacific whiting, which Dr. Radkte claims is a separate product market.

- The Radtke Report's description of the alleged geographic markets includes ambiguous statements regarding those markets, including by way of example: "The area 'Astoria/Ilwaco port group' contains the landing ports of Ilwaco/Chinook and '*other Columbia River ports*' . . . and '*pseudo port code* for Columbia River.'" (Second Lee Decl., Ex. 5 at 9 (emphases added).)

- Plaintiffs' original answer to Interrogatory No. 1 referred to "*five* geographically distinct markets." (App. A at 3 (emphasis added).) Yet the Radtke Report opines that there are "*six* economically distinct geographic markets." (Second Lee Decl., Ex. 5 at 7 (emphasis added).) What is Plaintiffs' answer—five or six?

- The Radtke Report states that "each seafood product . . . market consists of three or more of six relevant geographic markets." (Second Lee Decl., Ex. 5 at 5.) But the Radtke Report never states *which* of the six geographic areas Plaintiffs contend are allegedly relevant markets at issue here for each seafood product. For instance, is a supposed

---

[1] Second Declaration of Rachel C. Lee in Support of Defendants' Motion to Compel Overdue Production of Documents and Answers to Interrogatories ("Second Lee Decl."), filed herewith.

Page 2   -   REPLY IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ANSWERS TO INTERROGATORIES

"Eureka market" for whiting an alleged relevant product/geographic market in this lawsuit, or not?

Pacific Seafood in entitled to an answer clearly stating (1) which species are in each of Plaintiffs' alleged product markets; (2) which ports Plaintiffs include in each of their five (or six?) alleged geographic markets; and (3) which of the five (or six) geographic areas are allegedly relevant for whiting, which are allegedly relevant for groundfish, and which are allegedly relevant for shrimp.

**B.    In Response to Interrogatory Nos. 3 and 9, Plaintiffs' Supplemental Answers That Refer to Exhibits A and B Are Still Incomplete.**

Plaintiffs supplemented their answers to Interrogatory Nos. 3 and 9 by referring to newly provided exhibits. But these exhibits still fail to answer the Interrogatories.

<u>Interrogatory No. 3</u> asks Plaintiffs to "[i]dentify in detail all of the market participants, including sellers and buyers, in *each* relevant market that You described in Your response to Interrogatory No. 1." (App. A at 4 (emphasis added).) Plaintiffs originally responded that their expert reports would provide the answers. They did not. Plaintiffs' supplemental answer states in total:

> A list of the top 20 market participants in the relevant markets described in Supplemental Answer to Interrogatory No. 1 on the basis of landed revenue in 2016 is attached as Exhibit A. The number of sellers of trawl-caught groundfish, onshore whiting and pink shrimp is very voluminous and readily available to defendants' experts through access to the PacFIN database.

(Dkt. No. 144-1 at 4.) This answer is still incomplete in three respects.

- For each of the three seafood types, Exhibit A to the Supplemental Answers contains a single list of 20 seafood purchasers over the entire West Coast from Ft. Bragg to Canada combined. (Second Lee Decl., Ex. 6.) Exhibit A does *not* identify which buyers Plaintiffs contend should be deemed participants in *each* of the purported 9 to 18

Page 3   -   REPLY IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ANSWERS
               TO INTERROGATORIES

93688211.3 0052902-00009

geographic/product markets[2] that Plaintiffs allege.  Nor can Pacific Seafood determine from the PacFIN database what Plaintiffs will argue constitutes a market participant for each alleged relevant market.  What amount of seafood purchased, during what time period, in what locations, will Plaintiffs contend makes a seafood purchaser a market participant in a given alleged product/geographic market?

- Moreover, Exhibit A is a list of some, but not all buyers.  (*Id.*)  Plaintiffs should identify, for each alleged geographic/product market, *all* buyers that Plaintiffs contend are market participants.

- As to alleged sellers, Plaintiffs cannot claim that it is burdensome to disclose which market(s) *they themselves* claim to participate in.  Furthermore, it is completely unclear at this point what number of seafood deliveries, of what type of seafood, during what time period, to what locations, Plaintiffs will contend makes a fisherman a market participant in a specific product/geographic market.  This is directly relevant to each Plaintiff's ability to assert antitrust claims against Pacific Seafood.  *See Am. Ad Mgmt., Inc. v. Gen. Tel. Co.*, 190 F.3d 1051, 1057  (9th Cir. 1999) (antitrust plaintiff "must be a participant in the same market as the alleged malefactors").  The Court should compel Plaintiffs to identify—out of Plaintiffs' alleged set of 9 to 18 alleged markets—precisely *which alleged market(s) Plaintiffs contend that each Plaintiff participates in*.

Interrogatory No. 9 asks Plaintiffs to identify, for each of their fishing vessels, "where each vessel fished and delivered each catch from January 1, 2010 to present," including but not limited to the port of departure, port of return, and place of delivery of the catch.  (App. A at 6-7.)  Exhibit B to Plaintiffs' Supplemental Answer lists some information about Plaintiffs' fishing trips, but it is still an incomplete answer in three respects.

- Exhibit B does not identify where the fishing vessel *fished* on each trip, which is highly relevant to Plaintiffs' definition of the alleged geographic markets.  (*See* Second Am. Compl., ¶¶ 33-34 (alleging universal 60-100 mile limit between where fisherman harvests seafood and where he delivers that seafood); *see* Second Lee Decl., Ex. 7 (Exhibit B).)

- Exhibit B lists the place of delivery of the catch, but it does not identify the port of departure or port of return for any fishing trip, which is again significant for market definition purposes.  (*Id.*)

---

[2] Each product/geographic combination is one relevant market for purposes of an antitrust case.  Thus, because Plaintiffs contend that there are three relevant products, and Dr. Radtke opines that there are three to six geographic areas for each product, Plaintiffs are asserting that there are 9 to 18 relevant markets.

Page 4   -   REPLY IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ANSWERS
                  TO INTERROGATORIES

93688211.3 0052902-00009

- Exhibit B lists fishing trips "through December 31, 2016," rather than to the present, meaning that more than seven months of fishing trips are missing. (Dkt. No. 144-1 at 5; Second Lee Decl., ¶ 9.)

Plaintiffs should be compelled to answer Interrogatory No. 9 in full.

C.  **In Response to Interrogatory Nos. 17 and 18, Which Ask About Plaintiffs' Transactions and Negotiations With Pacific Seafood and Ocean Gold, Plaintiffs' Supplemental Answers Are Still Incomplete.**

Interrogatory Nos. 17 and 18 ask Plaintiffs to describe all transactions and negotiations between Plaintiffs and Pacific Seafood or Ocean Gold since the date of the *Whaley* settlement. (App. A at 11.) But Exhibit B to Plaintiffs' Supplemental Answer covers only "*through the end of 2016.*" (Dkt. No. 144-1 at 7-8 (emphasis added); *see also* Second Lee Decl., ¶ 9.) In other words, Plaintiffs still have not answered Interrogatory Nos. 17 and 18 as to the last seven months. Whether or not Plaintiffs do business with Pacific Seafood or Ocean Gold is directly relevant to their lack of antitrust standing. *See Garabet v. Autonomous Techs. Corp.*, 116 F. Supp.2d 1159, 1168-69 (C.D. Cal. 2000). The Court should compel Plaintiffs to either describe any transactions or negotiations that they had with Pacific Seafood or Ocean Gold during 2017, or to simply state under oath that there were none.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 5  -  REPLY IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ANSWERS TO INTERROGATORIES

93688211.3 0052902-00009

## II.   CONCLUSION

For the foregoing reasons, Pacific Seafood's Motion to Compel Answers to Interrogatories is not mooted by Plaintiffs' Supplemental Answers to Interrogatory Nos. 1, 3, 9, 17, and 18.  For these reasons, as well as those stated in its motion, Pacific Seafood respectfully requests that the Court grant the motion, order Plaintiffs to answer these Interrogatories in full by a set date, and award Pacific Seafood its reasonable expenses, including fees, incurred in making this motion.

DATED:  August 9, 2017.

      STOEL RIVES LLP

      /s/ Rachel C. Lee
      Randolph C. Foster, OSB No. 784340
      Timothy W. Snider, OSB No. 034577
      Rachel C. Lee, OSB No. 102944

      and

      John W. Stephens, OSB No. 773583
      Michael J. Esler, OSB No. 710560
      **ESLER, STEPHENS & BUCKLEY LLP**
      121 SW Morrison Street, Suite 700
      Portland, OR 97204-2012
      Telephone: (503) 223-1510
      Fax: (503) 294-3995

      Attorneys for Defendants