John W. Stephens, OSB No. 773583
stephens@eslerstephens.com
Michael J. Esler, OSB No. 710560
esler@eslerstephens.com
**ESLER, STEPHENS & BUCKLEY LLP**
121 SW Morrison Street, Suite 700
Portland, OR 97204-2012
Telephone: (503) 223-1510
Facsimile: (503) 294-3995

Randolph C. Foster, OSB No. 784340
randy.foster@stoel.com
Timothy W. Snider, OSB No. 034577
timothy.snider@stoel.com
Rachel C. Lee, OSB No. 102944
rachel.lee@stoel.com
**STOEL RIVES LLP**
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

Attorneys for All Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JEFF BOARDMAN, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>PACIFIC SEAFOOD GROUP, et al.,<br><br>          Defendants. | Case No.: 1:15-cv-00108-MC<br><br>**REPLY IN SUPPORT OF PACIFIC SEAFOOD'S MOTION TO COMPEL OVERDUE PRODUCTION OF DOCUMENTS**<br><br>*Expedited Consideration and Oral Argument Requested* |

Page 1   -   REPLY IN SUPPORT OF PACIFIC SEAFOOD'S MOTION TO COMPEL
              OVERDUE PRODUCTION OF DOCUMENTS

93692126.2 0052902-00009

## I.    REPLY ARGUMENT

Plaintiffs contend that Pacific Seafood's Motion to Compel Overdue Document Production is moot. It is not.

Plaintiffs contend that they have fully responded to Request Nos. 19-24 by denying that they have any responsive documents. However, that does not appear to be correct. Rather, it appears that Plaintiffs' lawyers—and therefore, Plaintiffs—have custody and control of responsive, non-privileged documents.

Pacific Seafood moved to compel the overdue production of documents responsive to a number of requests, including:

- Request No. 19. All documents containing or relating to any communication with any person or between any persons regarding any transaction, proposed transaction, or potential transaction for the purchase of any stock or membership interest of Ocean Gold or its affiliates.

- Request No. 20. All documents containing or relating to any communication with any person or between any persons relating to closing any such transaction.

- Request No. 21. All documents containing or relating to any communication with any person or between any persons relating to any purchase, proposed purchase, or potential purchase of any assets of Ocean Gold or its affiliates.

- Request No. 22. All documents containing or relating to any communication in which any person has expressed any interest in purchasing any assets of Ocean Gold or its affiliates.

- Request No. 23. All documents containing or relating to any communication in which any person has expressed any interest in purchasing any stock or membership interest of Ocean Gold or its affiliates.

- Request No. 24. All documents containing or relating to any communication with any person relating to this lawsuit.

(App. A at 5-7.) These Requests are directly relevant to Pacific Seafood's counterclaims for abuse of process and tortious interference. On August 3, Plaintiffs responded "**No documents**" or "**No non-privileged documents**" to all of these Requests. (Dkt. No. 145-1 at 3-5 (emphasis

added).)  However, based on emails to and from Plaintiffs' counsel that the undersigned counsel has seen, those responses do not appear to be accurate.

In responding to requests for production of documents, a party must produce non-privileged documents that are in the party's "possession, custody, or control."  FRCP 34(a)(1). "Control is defined as the legal right to obtain the documents upon demand."  *United States v. Int'l Union of Petroleum & Indus. Workers*, *AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989). Thus, for purposes of discovery requests, documents under the party's control include non-privileged documents under the control of the party's attorney.  *See Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013) ("Such documents include documents under the control of the party's attorney."); *Am. Soc'y for the Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus*, 233 F.R.D. 209, 212 (D.D.C. 2006) ("Because a client has the right, and the ready ability, to obtain copies of documents gathered or created by its attorneys pursuant to their representation of that client, such documents are clearly within the client's control."); *Axler v. Sci. Ecol. Group, Inc.*, 196 F.R.D. 210, 212 (D. Mass. 2000) ("[A] party must produce otherwise discoverable documents that are in his attorneys' possession, custody or control."). Underscoring this point, here, the Requests expressly requested that Plaintiffs produce responsive documents "that are in the custody or control of plaintiffs *or their lawyers*."[1]

Despite Plaintiffs' assertions of "No documents" and "No non-privileged documents," it appears that Plaintiffs' lawyers have responsive, non-privileged documents that should be produced.  In a partial response to subpoenas duces tecum issued by Pacific Seafood in this action, third parties produced a number of communications between themselves and Plaintiffs' counsel, Michael Haglund.  Those communications address topics including this lawsuit, the

---

[1] Declaration of Rachel C. Lee in Support of Pacific Seafood's Motion to Compel Overdue Production of Documents (Dkt. No. 137), Ex. 1 at 2 (emphasis added).

Page 3   -   REPLY IN SUPPORT OF PACIFIC SEAFOOD'S MOTION TO COMPEL
              OVERDUE PRODUCTION OF DOCUMENTS

third parties' interest in acquiring Ocean Gold and/or its assets, strategies for doing so, and Plaintiffs' counsel's apparent willingness to help. (*See*, *e.g.*, Second Lee Decl.,[2] Exs. 1-4.) For example, at various points, Mr. Haglund provided an update on the litigation (Ex. 1), proposed to discuss how fishermen could help these third parties acquire Ocean Gold (Ex. 2), and reportedly agreed to arrange a subsequent meeting with fishermen to pursue that strategy (Ex. 4).

These communications are plainly responsive to Request Nos. 19-24, as they relate to the lawsuit, a potential purchase of Ocean Gold and/or its assets, and the third parties' expression of interest in such a purchase. The third parties did not claim any privilege on them, nor would any privilege appear to be applicable in the first place. And as the author and/or recipient of the emails, Mr. Haglund presumably has copies, meaning that they would also be in Plaintiffs' custody or control. *See Gorrell*, 292 F.R.D. at 632; *Am. Soc'y for the Prevention of Cruelty to Animals*, 233 F.R.D. at 212; *Axler*, 196 F.R.D. at 212. In short, Plaintiffs' supplemental responses to Request Nos. 19-24 that no responsive documents exist is not accurate.

Moreover, Pacific Seafood does not know whether Plaintiffs' counsel also had additional responsive communications with the subpoena recipients beyond the ones that those individuals produced, or whether Plaintiffs' counsel was also communicating with additional third parties about the subjects covered by Request Nos. 19-24. Therefore, Pacific Seafood asks that the Court order Plaintiffs to search for and produce all non-privileged responsive documents, including those in the possession of Plaintiffs' counsel, by a date certain.

/ / /

/ / /

---

[2] Second Declaration of Rachel C. Lee in Support of Defendants' Motion to Compel Overdue Production of Documents and Answers to Interrogatories ("Second Lee Decl."), filed herewith.

Page 4   -   REPLY IN SUPPORT OF PACIFIC SEAFOOD'S MOTION TO COMPEL
             OVERDUE PRODUCTION OF DOCUMENTS

## II.  CONCLUSION

Pacific Seafood's Motion to Compel Overdue Document Production is not moot as to Request Nos. 19-24.  Pacific Seafood respectfully requests that the Court order Plaintiffs to search for and produce, by a date certain, all non-privileged documents responsive to Request Nos. 19-24, including those in the custody or control of Plaintiffs' counsel, and award Pacific Seafood its expenses, including fees, incurred in making the motion.

DATED:  August 9, 2017.

STOEL RIVES LLP


/s/ Rachel C. Lee
Randolph C. Foster, OSB No. 784340
Timothy W. Snider, OSB No. 034577
Rachel C. Lee, OSB No. 102944

and

John W. Stephens, OSB No. 773583
Michael J. Esler, OSB No. 710560
**ESLER, STEPHENS & BUCKLEY LLP**
121 SW Morrison Street, Suite 700
Portland, OR 97204-2012
Telephone: (503) 223-1510
Fax: (503) 294-3995

Attorneys for Defendants