**Michael E. Haglund,** OSB No. 772030
email:  mhaglund@hk-law.com
**Michael K. Kelley,** OSB No. 853782
email:  mkelley@hk-law.com
**Eric J. Brickenstein**, OSB No. 142852
email: ebrickenstein@hk-law.com
**HAGLUND KELLEY LLP**
200 SW Market Street, Suite 1777
Portland, OR  97201
Phone: (503) 225-0777
Facsimile: (503) 225-1257


Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(Medford Division)

| | |
|---|---|
| JEFF BOARDMAN, DENNIS RANKIN, ROBERT SEITZ, TODD L. WHALEY, LLOYD D. WHALEY, SOUTH BAY WILD, INC., MISS SARAH, LLC, and MY FISHERIES, INC.,<br><br>        Plaintiffs,<br>    v.<br><br>PACIFIC SEAFOOD GROUP, OCEAN GOLD HOLDING CO., INC., DULCICH, INC., FRANK DULCICH, PACIFIC SEAFOOD GROUP ACQUISITION COMPANY, INC., PACIFIC SEAFOOD WASHINGTON ACQUISITION CO., INC., BANDON PACIFIC, INC., BIO-OREGON PROTEIN, INC., PACIFIC CHOICE SEAFOOD COMPANY, PACIFIC COAST SEAFOODS COMPANY, PACIFIC GARIBALDI, INC., PACIFIC GOLD SEAFOOD COMPANY, PACIFIC PRIDE SEA FOOD | Case No.:  1:15-cv-00108-MC<br><br><br>**SUBPOENA RESPONDENTS CARROLL, BACKUS, PACIFIC NORTHWEST MARINE PRODUCTS, AND COLLABORATIVE FISHERIES' RESPONSE TO MOTION TO COMPEL** |

PAGE 1 – **SUBPOENA RESPONDENTS' RESPONSE TO MOTION TO COMPEL**

**Haglund Kelley LLP**
**200 SW Market Street, Suite 1777**
**Portland, OR  97201**
**Tel:  (503) 225-0777 / Fax:  (503) 225-1257**
*PL63*

**COMPANY, PACIFIC SEA FOOD CO.,
PACIFIC SURIMI CO., INC., PACIFIC
TUNA COMPANY, LLC, WASHINGTON
CRAB PRODUCERS, INC., PACIFIC
ALASKA SHELLFISH, INC., SEA
LEVEL SEAFOODS, LLC, ISLAND FISH
CO., LLC, PACIFIC RESURRECTION
BAY, PACIFIC CONQUEST, INC.,
CALAMARI, LLC, JO MARIE LLC,
LESLIE LEE, LLC, MISS PACIFIC, LLC,
PACIFIC FUTURE, LLC, PACIFIC
GRUMPY J, LLC, PACIFIC HOOKER,
LLC, PACIFIC HORIZON, LLC,
PACIFIC KNIGHT, LLC, PRIVATEER
LLC, SEA PRINCESS, LLC, TRIPLE
STAR, LLC, PACIFIC FISHING, LLC,
PACIFIC SEA FOOD OF ARIZONA,
INC., STARFISH INVESTMENTS, INC.,
DULCICH SURIMI, LLC, BIO-OREGON
PROPERTIES, LLC, PACIFIC GROUP
TRANSPORT CO., PACIFIC
MARKETING GROUP, INC., PACIFIC
RUSSIA, INC., PACIFIC RUSSIA
VENTURES, LLC, PACIFIC TUNA
HOLDING COMPANY, INC., POWELL
STREET MARKET LLC, PACIFIC
FRESH SEA FOOD COMPANY,
SEACLIFF SEAFOODS, INC., COPPER
RIVER RESOURCE HOLDING CO.,
INC., PACIFIC COPPER RIVER
ACQUISITION CO., INC., SEA LEVEL
SEAFOODS ACQUISITION, INC.,
ISLAND COHO, LLC, S & S SEAFOOD
CO., INC., PACIFIC SEAFOOD DISC,
INC.,  DULCICH REALTY, LLC,
DULCICH REALTY ACQUISITION,
LLC, DULCICH JET, LLC, and OCEAN
COMPANIES HOLDING CO., LLC,**

                Defendants.

**PAGE 2 – SUBPOENA RESPONDENTS' RESPONSE
TO MOTION TO COMPEL**

**Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR  97201
Tel:  (503) 225-0777 / Fax:  (503) 225-1257**
*PL63*

**INTRODUCTION.**

Pacific Seafood's pet theory that this lawsuit is the result of some sort of improper collusion between respondents and the plaintiffs is an utter fabrication. It has no basis in fact whatsoever. To be absolutely clear:

(1) Respondents are not funding this litigation, have never funded this litigation, and have never offered to fund this litigation. Not in their personal capacities and not through their entities;

(2) Respondents did not collude with plaintiffs to initiate this lawsuit in any way; and

(3) Respondents are not the intended beneficiaries of this litigation. The plaintiffs are.

Pacific Seafood's current motion to compel is nothing more than is its latest attempt to abuse the discovery process in this case through specious, burdensome demands, this time at the expense of non-parties. With the assistance of their former counsel, Michael G. Hanlon, respondents cooperated extensively with Pacific Seafood in responding to the subpoenas, and have more than met their discovery obligations as third-party subpoena recipients. They have spent considerable time and money doing it.

Mr. Carroll and Mr. Backus have nothing to hide. It is not a secret that they sought to acquire Ocean Gold. In fact, respondents have produced to Pacific Seafood nearly a thousand pages of correspondence and other documents related to their efforts. Respondents have met their discovery obligations. The Court should deny the motion to compel and put an end to Pacific Seafood's wasteful fishing expedition.

PAGE 3 – **SUBPOENA RESPONDENTS' RESPONSE TO MOTION TO COMPEL**

## II.     BACKGROUND.

In April 2017, Pacific Seafood served subpoenas on 10 third-parties, including respondents, based on rank speculation that their efforts to acquire Ocean Gold were part of a nefarious conspiracy to abuse the legal process.[1] The subpoenas sought highly sensitive business information from respondents, who are prospective competitors of Pacific Seafood. Upon receiving the subpoenas, respondents retained Michael G. Hanlon to represent them in connection with preparing a response. Rather than moving to quash the subpoenas in whole or part, Mr. Hanlon promptly began working with Pacific Seafood's attorneys to provide relevant responsive documents without unnecessarily exacerbating the cost and burden to respondents, who are not parties to this case, and whose only relation to this dispute is their legitimate efforts to purchase Ocean Gold.[2]

On May 10, 2017, Mr. Hanlon sent correspondence to Pacific Seafood's lead attorney, Timothy Snider, stating respondents' intent to comply with the subpoenas within reason. Mr. Hanlon specifically advised Mr. Snider that he had "received assurances from the Subpoena

---

[1] Specifically, Pacific Seafood served subpoenas on Arnerich Massena Inc.; 3 X 5 Partners, LLC; Anthony Arnerich; Nicholas Walrod; Riverside Venture Management, L.L.C.; 3X5 Rivervest Fund II, L.P.; Pacific Northwest Marine Products, LLC; Richard Carroll; Collaborative Fisheries Associates, LLC; and Edward Backus.

[2] Mr. Carroll and Mr. Backus' entity, Innovation Marine Protein, LLC, is a plaintiff in a separate antitrust lawsuit against Pacific Seafood currently pending before this Court. It is not a coincidence that Pacific Seafood's use of these subpoena's to harass respondents coincides with the filing of that case, *Innovation Marine Protein et al. v. Pacific Seafood et al.*, U.S. District Court Case No. 17- 00815, on May 24, 2017.

**Haglund Kelley LLP**
**200 SW Market Street, Suite 1777**
**Portland, OR 97201**
**Tel: (503) 225-0777 / Fax: (503) 225-1257**
*PL63*

Recipients" that Pacific Seafood's unfounded belief that respondents are secretly behind this litigation is "categorically false." Mr. Hanlon went on to describe in detail respondents' intent to produce documents subject to only minor and reasonable restrictions, including claims of privilege and withholding a very small number of documents that include highly proprietary information that is not relevant to this case. On or about June 2, 2017, after a diligent search, respondents produced an extensive tranche of documents responsive to Pacific Seafood's requests. Among other things, the documents reflect in great detail respondents' efforts to acquire Ocean Gold.

On June 22, 2017, Mr. Snider sent Mr. Hanlon a letter detailing numerous purported deficiencies in production, including allegations that emails were produced without attachments or with attachments hidden, which were later shown to be inaccurate. Mr. Snider's letter also contended that Mr. Carroll had omitted communications that he participated in which were produced by other subpoena recipients. Aside from the fact that it is unclear why – other than to burden Mr. Carroll – Pacific Seafood would persist in demanding documents already in its possession, it appears that the "other subpoena recipient" who produced the allegedly missing documents *was Mr. Carroll's partner*, Mr. Backus, with whom he worked collaboratively to compile responsive documents.

Despite respondents' diligent efforts and production of hundreds of responsive documents, Pacific Seafood remained vaguely dissatisfied and persisted with its baseless conspiracy theory. By June 27, 2017, after more than six weeks of specious demands and threats

PAGE 5 – **SUBPOENA RESPONDENTS' RESPONSE TO MOTION TO COMPEL**

of a motion to compel, respondents had had enough. As Mr. Hanlon put it in his letter to Mr.

Snider on that date:

> [T]he Subpoena Recipients have reached their limit in terms of responding to continued requests by Pacific Group and its seemingly never-ending lists of purported deficiencies. It appears that the more information that is provided, the more Pacific Group wants. The burden in responding to these non-party subpoenas to date has been substantial in terms of both man-hours and tens of thousands of dollars in costs that have been incurred. Nonetheless, Pacific Group has evaded providing any response concerning its willingness to pay for the substantial costs of IT and attorney review.

Thereafter, Pacific Seafood filed this motion.

Upon being served with this motion, respondents retained Haglund Kelley LLP to represent them in connection with this matter. Thereafter, respondents produced the documents identified in the privilege log provided by Mr. Hanlon, as well as the few documents previously withheld due to competitive sensitivity.

III.   **LEGAL STANDARD.**

FRCP 45 governs third-party subpoenas, and requires that the issuing party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). The Rule goes on to state that the Court "must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply." *Id.* Third-party subpoenas are also subject to the general provisions of FRCP 26, which requires the Court to limit discovery that is "unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient." *Id.* at 26(b)(2)(C)(i).

PAGE 6 – **SUBPOENA RESPONDENTS' RESPONSE TO MOTION TO COMPEL**

IV.  **ARGUMENT**.

Pacific Seafood's motion argues at length why it believes that each of respondents' objections to the subpoena should be overruled. Its points are moot. Respondents objections, served on May 1, 2017, precede their compliance with the subpoena. After conducting a diligent search, Mr. Carrol, Mr. Backus, and their entities have produced all non-privileged, responsive documents in their possession, with the exception that Mr. Carroll's production may omit certain documents already produced by other subpoena respondents.[3]

Thus, the only question that remains to be addressed is whether it would be unduly burdensome to compel Mr. Carroll to go through the additional effort to reproduce documents already in Pacific Seafood's possession. The answer is yes. *See* Fed. R. Civ. P. 26(b)(2)(C) ("On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought is unreasonably cumulative or duplicative.").

///

///

///

///

---

[3] Documents withheld under claim of privilege include documents generated in the course of responding to the subpoena, and correspondence and other documents related to Haglund Kelley LLP's representation of respondents with respect to the *Innovation Marine Protein, LLC* case. Both of the documents identified in the privilege log provided to Pacific Seafood by Mr. Hanlon, as well as documents previously withheld based on proprietary sensitivity, have been produced to Pacific Seafood subject to the protective order entered in this case.

PAGE 7 – **SUBPOENA RESPONDENTS' RESPONSE TO MOTION TO COMPEL**

IV.     **CONCLUSION.**

For the foregoing reasons, Pacific Seafood's motion to compel should be denied.

Dated this 3rd day of November, 2017.

HAGLUND KELLEY LLP


By:     *s/Michael E. Haglund*
      Michael E. Haglund, OSB No. 772030
      email: mhaglund@hk-lawcom
      Michael K. Kelley, OSB No. 853782
      email: kelley@hk-law.com
      Eric J. Brickenstein, OSB No. 142852
      email; ebrickenstein@hk-law.com
      Attorneys for Plaintiffs

PAGE 8 – **SUBPOENA RESPONDENTS' RESPONSE TO MOTION TO COMPEL**

**Haglund Kelley LLP**
**200 SW Market Street, Suite 1777**
**Portland, OR  97201**
**Tel:  (503) 225-0777 / Fax:  (503) 225-1257**
*PL63*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of November, 2017, I served the foregoing
**SUBPOENA RESPONDENTS' RESPONSE TO MOTION TO COMPEL**, on the following:

Michael J. Esler                           Randolph C. Foster
John W. Stephens                        Timothy W. Snider
Kim T. Buckley                            Rachel C. Lee
Esler Stephens & Buckley, LLP     Stoel Rives LLP
121 SW Morrison St., Ste. 700      900 SW Fifth Avenue, Suite 2600
Portland, OR 97204-2021             Portland, OR  97204-3183
esler@eslerstephens.com              Randy.foster@stoel.com
stephens@eslerstephens.com        Timothy.snider@stoel.com
buckley@eslerstephens.com         Rachel.lee@stoel.com


by the following indicated method(s):

☐    by regular **mail** in a sealed first-class postage prepaid envelope and deposited
       with the United States Post Office at Portland, Oregon.

☐    by **email**.

☐    by **hand delivery**.

☐    by **overnight mail**.

☐    by **facsimile** as indicated.

☒    by transmitting full through the court's Cm/ECF system.


s/Michael E. Haglund
Michael E. Haglund
Eric J. Brickenstein
Attorney for Plaintiffs


**PAGE 1 -- CERTIFICATE OF SERVICE**