**Michael E. Haglund,** OSB No. 772030
Email:  mhaglund@hk-law.com
**Michael K. Kelley,** OSB No. 853782
Email:  mkelley@hk-law.com
**Eric J. Brickenstein**, OSB No. 142852
Email:  ebrickenstein@hk-law.com
**HAGLUND KELLEY LLP**
200 SW Market Street, Suite 1777
Portland, OR  97201
Phone: (503) 225-0777
Facsimile: (503) 225-1257

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(Medford Division)

| | |
|---|---|
| **JEFF BOARDMAN, DENNIS RANKIN, ROBERT SEITZ, TODD L. WHALEY, LLOYD D. WHALEY, SOUTH BAY WILD, INC., MISS SARAH, LLC,** and **MY FISHERIES, INC.,**<br><br>        Plaintiffs,<br>    v.<br><br>**PACIFIC SEAFOOD GROUP, OCEAN GOLD HOLDING CO., INC., DULCICH, INC., FRANK DULCICH, PACIFIC SEAFOOD GROUP ACQUISITION COMPANY, INC., PACIFIC SEAFOOD WASHINGTON ACQUISITION CO., INC., BANDON PACIFIC, INC., BIO-OREGON PROTEIN, INC., PACIFIC CHOICE SEAFOOD COMPANY, PACIFIC COAST SEAFOODS COMPANY, PACIFIC GARIBALDI, INC., PACIFIC GOLD SEAFOOD COMPANY, PACIFIC PRIDE SEA FOOD COMPANY,** | Case No.:  1:15-cv-00108-MC<br><br>**PLAINTIFFS' OPPOSITION TO MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF MOTION TO COMPEL** |

PAGE 1 – **PLAINTIFFS' OPPOSITION TO MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF MOTION TO COMPEL**

*Haglund Kelley LLP*
*200 SW Market Street, Suite 1777*
*Portland, OR  97201*
*Tel:  (503) 225-0777 / Fax:  (503) 225-1257*
*PL88 -- 52620*

**PACIFIC SEA FOOD CO., PACIFIC SURIMI CO., INC., PACIFIC TUNA COMPANY, LLC, WASHINGTON CRAB PRODUCERS, INC., PACIFIC ALASKA SHELLFISH, INC., SEA LEVEL SEAFOODS, LLC, ISLAND FISH CO., LLC, PACIFIC RESURRECTION BAY, PACIFIC CONQUEST, INC., CALAMARI, LLC, JO MARIE LLC, LESLIE LEE, LLC, MISS PACIFIC, LLC, PACIFIC FUTURE, LLC, PACIFIC GRUMPY J, LLC, PACIFIC HOOKER, LLC, PACIFIC HORIZON, LLC, PACIFIC KNIGHT, LLC, PRIVATEER LLC, SEA PRINCESS, LLC, TRIPLE STAR, LLC, PACIFIC FISHING, LLC, PACIFIC SEA FOOD OF ARIZONA, INC., STARFISH INVESTMENTS, INC., DULCICH SURIMI, LLC, BIO-OREGON PROPERTIES, LLC, PACIFIC GROUP TRANSPORT CO., PACIFIC MARKETING GROUP, INC., PACIFIC RUSSIA, INC., PACIFIC RUSSIA VENTURES, LLC, PACIFIC TUNA HOLDING COMPANY, INC., POWELL STREET MARKET LLC, PACIFIC FRESH SEA FOOD COMPANY, SEACLIFF SEAFOODS, INC., COPPER RIVER RESOURCE HOLDING CO., INC., PACIFIC COPPER RIVER ACQUISITION CO., INC., SEA LEVEL SEAFOODS ACQUISITION, INC., ISLAND COHO, LLC, S & S SEAFOOD CO., INC., PACIFIC SEAFOOD DISC, INC.,  DULCICH REALTY, LLC, DULCICH REALTY ACQUISITION, LLC, DULCICH JET, LLC, and OCEAN COMPANIES HOLDING CO., LLC,**

                Defendants.

PAGE 2 – **PLAINTIFFS' OPPOSITION TO MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF MOTION TO COMPEL**

Though filed as an exhibit in connection with its pending motion for leave, Pacific Seafood's reply in support of its motion to compel levies significant and inaccurate new accusations just days before the Court holds argument on its pending motion for summary judgment. Under these circumstances, plaintiffs and respondents are compelled to respond, and to correct Pacific Seafood's misrepresentations and overstatements. This opposition is supported by the concurrently filed declarations of Messrs. Backus, Carroll, Boardman, Whaley, Rankin, and Haglund, as well as the following points and authorities.

The fact that Pacific Seafood's tort counterclaims have no merit has not stopped it from leveraging them to aggressively pursue discovery against non-parties. As a result, Messrs. Carroll and Backus (collectively, "respondents") have now complied with no less than *eight* separate subpoenas addressed to them personally and to their respective entities, and have each submitted to full-day depositions. Respondents, nonparties who have spent considerable time and money responding to Pacific Seafood's demands, have more than met their discovery obligations. Messrs. Carroll and Backus's testimony and written records repeatedly confirm that they have no connection whatsoever to plaintiffs' decision to prosecute this lawsuit.

Plaintiffs have opposed Pacific Seafood's control of Ocean Gold since at least 2010, when they first moved for a temporary restraining order against a similar proposed acquisition during the *Whaley* case. *Whaley*, at Dkt. 143. At the conclusion of *Whaley* in 2012, plaintiffs specifically negotiated for the expiration of defendants' exclusive marketing agreement as part of the Resolution Agreement. When, less than three years later, Pacific Seafood tried to circumvent the spirit of the Resolution Agreement by again attempting to purchase Ocean Gold outright,

PAGE 3 – **PLAINTIFFS' OPPOSITION TO MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF MOTION TO COMPEL**

**Haglund Kelley LLP**
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
*PL88 -- 52620*

plaintiffs immediately filed suit and secured a preliminary injunction against the acquisition. The injunction was later affirmed by the Ninth Circuit, and remains in place as this case progresses towards trial.

Pacific Seafood's pet theory has always been that plaintiffs initiated this case at the behest of some third party, in order to force Ocean Gold to sell to them at a depressed price. Pacific Seafood then zeroed in on respondents, theorizing that they are the "instigators" of plaintiffs' "litigation maneuvers." Despite Pacific Seafood's attention-grabbing allegations of collusion and impropriety, the simple fact remains that defendants cannot point to any evidence to support their inflammatory accusations.

Messrs. Whaley and Rankin do not know respondents at all, and had never even heard of 3x5 Partners until their depositions in September 2017. Mr. Boardman also does not know Mr. Carroll, and learned about 3x5 Partners for the first time during his deposition. Although he and Mr. Backus have known each other for many years, Mr. Boardman testified unequivocally that Mr. Backus played no role in his decision to pursue this case. Likewise, Mr. Haglund met with 3x5 Partners for the first time in April 2016, more than a year after the Court entered a preliminary injunction. By the time Mr. Haglund first met with respondents in January 2017, plaintiffs had been prosecuting this case for nearly two years and had already successfully defended the injunction in the Ninth Circuit.

Despite all of this, Pacific Seafood continued to press its misguided suspicion that respondents were the "intended beneficiaries" and secret financiers of this litigation. It leveraged that accusation to foist burdensome subpoenas on respondents, ostensibly on the basis that it was

PAGE 4 – **PLAINTIFFS' OPPOSITION TO MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF MOTION TO COMPEL**

**Haglund Kelley LLP**
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
*PL88 -- 52620*

investigating its tort counterclaims against plaintiffs. After respondents complied with the subpoenas by producing documents that clearly demonstrate that they have no involvement in this case or influence over plaintiffs' decision-making, Pacific Seafood still refused to concede that it had been mistaken. Instead, it filed this motion to compel.

In an effort to finally put this matter to rest, Mr. Haglund filed a declaration in support of respondents' opposition to the motion to compel, in which he testified that Pacific Seafood's belief that "Mr. Carroll and Mr. Backus are secret funders of this litigation or that this case was conspiratorially conceived to force a sale of Ocean Gold to them" is "categorically false." Mr. Haglund went on to state in no uncertain terms that "Mr. Carroll and Mr. Backus have never funded any portion of this litigation, nor have they ever offered to do so. Plaintiffs in this case were not 'recruited' by Mr. Carroll or Mr. Backus to participate in this lawsuit."

In a nuanced but significant admission in its "proposed" reply brief, Pacific Seafood has now abandoned its claim that plaintiffs and respondents conspired to initiate this lawsuit. Instead, Pacific Seafood's new theory is that Messrs. Carroll and Backus "coordinated with Plaintiffs' counsel to continue this lawsuit" for their own benefit. Like its original conspiracy theory, Pacific Seafood's new allegations are completely divorced from any actual evidence. In reality, the reason that plaintiffs are continuing to prosecute this lawsuit is the same reason that they filed it in the first place – to obtain a permanent injunction against Pacific Seafood's expansion of its monopoly power over their markets.

During their depositions, all three plaintiffs testified repeatedly and unambiguously regarding their motivation for prosecuting this case. The pertinent excerpts are of record in

PAGE 5 – **PLAINTIFFS' OPPOSITION TO MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF MOTION TO COMPEL**

**Haglund Kelley LLP**
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
*PL88 -- 52620*

connection with plaintiffs' opposition to Pacific Seafood's motion for summary judgment. Nonetheless, in the interest of finally ending this issue, all three plaintiffs have filed additional declarations in support of this opposition. Mr. Whaley, for example, testified that:

> I have been advised that Pacific Seafood Group is claiming that I and my co-plaintiffs in this case "are straw-men and that this lawsuit is being used to improperly benefit non-parties." I am nobody's straw-man. This case is all about trying to prevent consolidation of seafood processing market power in the hands of Pacific Seafood Group.

Likewise, Mr. Boardman testified:

> My involvement in both the *Whaley* case and this one has been motivated by the same objective: stop and hopefully reverse the market power that Pacific Seafood Group has achieved over the last 20 years.
> . . .
> I understand that Pacific Seafood Group has accused me and my co-plaintiffs in this case of being "straw-men" who are allowing this case to be used improperly to benefit other parties. That suggestion is absolutely false.

And finally, Mr. Rankin testified:

> I am participating in this case as a plaintiff to protect the interests of fishermen in securing as competitive a seafood processing sector on the West Coast as possible. During the course of my career, I have seen literally dozens of independent seafood processors go out of business, some of which were acquired by Pacific Seafood Group. If Pacific Seafood is successful in acquiring Ocean Gold Seafoods, Inc. and its related entities that operate a fishmeal plant and cold storage/freezing facility, the potential for serious competition in the seafood processing sector in Westport, Washington will be lost and Pacific Seafood's power to control ex vessel fish prices will be strengthened.

Implicit in Pacific Seafood's new accusation of a conspiracy to "continue" prosecuting this case is that plaintiffs should abandon their antitrust claims after more than three years of hard fought litigation, just because Messrs. Carroll and Backus made an independent effort to acquire Ocean Gold and discussed it with Mr. Haglund. But contrary to Pacific Seafood's

PAGE 6 – **PLAINTIFFS' OPPOSITION TO MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF MOTION TO COMPEL**

**Haglund Kelley LLP**
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
*PL88 -- 52620*

insinuation, there is nothing at all improper about respondents' efforts to purchase Ocean Gold. Nor is it inappropriate, or even mildly surprising, that respondents would reach out to Mr. Haglund – the person most knowledgeable regarding this lawsuit – for information regarding the litigation's status.

If plaintiffs successfully obtain a permanent injunction, it may well result in a benefit to a third-party purchaser of Ocean Gold. The question is – so what? Plaintiffs have never denied that they believe it would be good for their industry if an existing competitor of Pacific Seafood or a new market entrant acquired Ocean Gold. Likewise, Messrs. Carroll and Backus have never denied their own interest in purchasing Ocean Gold, or the potential relevance of the outcome of this lawsuit to their efforts. But that is a far cry from Pacific Seafood's accusation – which is flatly contradicted by all of the evidence – that this case is a fraudulent conspiracy orchestrated for respondents' benefit.

For nearly a full year, Pacific Seafood has exploited its meritless counterclaims as a platform to pursue burdensome discovery from non-parties, including respondents. Contrary to Pacific Seafood's accusation, Messrs. Carrol and Backus are not "stonewalling" anything. In fact, they and 3x5 Partners voluntarily produced hundreds of pages of documents related to their efforts to purchase Ocean Gold more than eight months ago in response to Pacific Seafood's first round of subpoenas. After this firm took over respondents' representation from Mr. Hanlon, they produced additional documents containing highly proprietary information, notwithstanding their utter lack of relevance to this case. Then, when it became apparent during respondents depositions that they inadvertently omitted a small number of documents from their

PAGE 7 – **PLAINTIFFS' OPPOSITION TO MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF MOTION TO COMPEL**

**Haglund Kelley LLP**
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
PL88 -- 52620

production, respondents produced those too, on March 2, 2018, along with yet another tranche of documents in response to an entirely new round of subpoenas. Now, Pacific Seafood wants to subject respondents to yet another round of depositions and compel them to pay for it.

Pacific Seafood claims that "enough is enough." Respondents agree. The Court should deny Pacific Seafood's motion to compel.

DATED this 16th day of March, 2018.

                              HAGLUND KELLEY LLP

                              By: s/*Michael E. Haglund*
                                  Michael E. Haglund, OSB No. 772030
                                  Eric J. Brickenstein, OSB No. 142852
                                   Attorneys for Plaintiffs

PAGE 8 – **PLAINTIFFS' OPPOSITION TO MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF MOTION TO COMPEL**

Haglund Kelley LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
Tel: (503) 225-0777 / Fax: (503) 225-1257
*PL88 -- 52620*

## CERTIFICATE OF SERVICE

     I hereby certify that on the 16th day of March, 2018, I served the foregoing **PLAINTIFFS' OPPOSITION TO MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF MOTION TO COMPEL**, the following by the following indicated method(s):

| | |
|---|---|
| Michael J. Esler | Randolph C. Foster |
| John W. Stephens | Timothy W. Snider |
| Kim T. Buckley | Rachel C. Lee |
| Esler Stephens & Buckley, LLP | Stoel Rives LLP |
| 121 SW Morrison St., Ste. 700 | 760 SW 9th Avenue, Suite 3000 |
| Portland, OR 97204-2021 | Portland, OR 97205 |
| esler@eslerstephens.com | Randy.foster@stoel.com |
| stephens@eslerstephens.com | Timothy.snider@stoel.com |
| buckley@eslerstephens.com | Rachel.lee@stoel.com |

by the following indicated method(s):

    ☐    by regular **mail** in a sealed first-class postage prepaid envelope and deposited with the United States Post Office at Portland, Oregon.

    ☐    by **email**.

    ☐    by **hand delivery**.

    ☐    by **overnight mail**.

    ☐    by **facsimile** as indicated.

    ☒    by transmitting full through the court's Cm/ECF system.

                                                  By: s/*Michael E. Haglund*
                                                        Michael E. Haglund
                                                        Eric J. Brickenstein
                                                         Attorney for Plaintiffs

**PAGE 1 -- CERTIFICATE OF SERVICE**